## FIDELITY & DEPOSIT COMPANY OF MARYLAND v. TEXAS LAND & MORTGAGE COMPANY, LIMITED.

Decided November 4, 1905.

**1.—Replevy Bond in Sequestration—Liability for Rents.**

The liability for rents incurred by reason of the execution of a replevy bond in sequestration proceedings does not terminate with the rendition of the judgment in the trial court, but continues during the period of appeal, and until said appeal is finally disposed of by the court of last resort, and for such time thereafter as necessarily elapses before the owner obtains possession of his property.

**2.—Suit Upon Administration and Replevy Bonds—Jurisdiction of District Court.**

An administratrix obtained from the Probate Court an order to replevy property claimed by the estate and which had been sequestrated. It was finally adjudged that said property did not belong to the estate. The District Court had jurisdiction of an action subsequently instituted upon the administration and replevy bonds to recover rents of the property, accrued during the litigation, and this, although the claim for rents had neither been presented to the administratrix for allowance or rejection, nor had the administration been closed. Buchanan v. Bilger, 64 Texas, 592, distinguished.

**3.—Liability of Administratrix for Rents.**

An administratrix and her bondsmen are liable for the rental value of property replevied by the administratrix in her official capacity, and it is immaterial that it may afterwards develope that the property did not in law belong to the estate, and that the rents were not assets of the estate.

**4.—Books—Best Evidence.**

The court refused to exclude the testimony of a witness who stated that he was "testifying to what the books showed." Held, error, but immaterial under the facts of this case,

Appeal from the District Court of Dallas. Tried below before Hon. Richard Morgan.

*W. P. Finley,* for appellant.—That the court erred in overruling defendant's general and special exceptions to plaintiff's petition, cited: Western Mortgage Co. v. Shelton, 8 Texas Civ. App., 551; Rev. Stats., arts. 4876, 4874, 4879, 4880; Watts v. Overstreet, 78 Texas, 578; Filgo v. Citizens' Nat. Bank, 38 S. W. Rep., 237.

That the District Court had no jurisdiction. Buchanan v. Bilger, 64 Texas, 592; Wiren v. Nesbit, 85 Texas, 287; Stewart v. Morrison, 81 Texas, 398; McCorkle v. McCorkle, 60 S. W. Rep., 435; Cobb v. Speers, 49 S. W. Rep., 666.

That liability on the replevy bond for rents does not extend beyond the date of the judgment in the trial court. Crawford v. Hagood, 40 Texas, 395; White v. Harris, 85 Texas, 45; Wren v. Peel, 64 Texas, 379; Battle v. Howard, 13 Texas, 348; Talcott v. Rose, 64 S. W. Rep., 1009; McLeod Artesian Well Co. v. Craig, 43 S. W. Rep., 934; Meyers v. Bloom, 50 S. W. Rep., 217; Miles v. Davis, 36 Texas, 691; Norton v. Davis, 13 Texas Civ. App., 90; McFarland v. Mooring, 56 Texas, 119; Rev. Stats., art. 1408; Daniels v. Mason, 37 S. W. Rep., 1061; Buttlar v. Davis, 52 Texas, 80; Pierce v. Wallace, 48 Texas, 399; Leona Co. v. Roberts, 62 Texas, 615; Wooters v. Smith, 56 Texas, 210; Gregory v. Goldthwaite, 2 Texas Civ. App., 287.

That the claim should have been presented to the administratrix for allowance or rejection before suit filed: Western Mortgage Co. v. Jackman, 77 Texas, 624; Houston v. Mayes, 77 Texas, 265; Richardson v. Kennedy, 74 Texas, 508; Walker v. Kerr, 7 Texas Civ. App., 498; Manning v. Mayes, 79 Texas, 655; Harris v. McLure, 25 S. W. Rep., 1095; Rev. Stats., arts. 2068, 2076, 2080, 2082, 2092, 2099, 2101, 2247, 2248.

That the testimony of the witness Wood was incompetent: Missouri Pac. Ry. Co. v. Johnson, 7 S. W. Rep., 838; Flato v. Brod, 37 Texas, 734.

*Coke & Coke,* for appellee.—Liability on the replevy bond did not terminate with the rendition of the judgment of January 2, 1900, but continued until the final determination of the appeal taken from said judgment. Rev. Stats., title "Sequestration," and especially art. 4875.

The rents collected by the administratrix pending the appeal formed no part of the estate of Patrick Curran, deceased, as the land out of which they issued did not belong to said estate.

Though the rents issuing out of the land aforesaid did not belong to the estate of Patrick Curran, nevertheless said rents were lawfully paid to and received by the administratrix in her official capacity, and consequently she and the appellant, as surety on her bond, became liable for the due and proper application thereof, to wit: payment to appellee, upon affirmance of its judgment. De Valengin's Administrator v. Duffy, 14 Peters (U. S.), 290, 291; Conger v. Atwood, 28 Ohio St., 134; S. C., 22 Am. Rep., 362; Simpson v. Snyder, 6 N. W. Rep., 730; In re Hobson's Will, 16 N. Y. Supp., 371-373; Crowder v. Shackelford, 35 Miss., 359; Lafferty v. Young, 34 S. E. Rep., 444.

It was not necessary for appellee to present any claim to the administratrix for allowance, because

1.  It had no "claim for money against a testator or intestate" within the meaning of title 39, chapter 19, Revised Statutes, but was claiming title adversely to the estate to a sum of money theretofore received by the administratrix.

2.  Because its claim arose after the granting of administration, and under article 2088 of the Revised Statutes, is expressly excepted from the provisions of chapter 19 aforesaid.

3.  Because said claim was not for a liquidated or ascertained sum of money, and only liquidated claims are covered by said chapter 19.

On first proposition see: Title 39, chap. 19, Rev. Stats., arts. 2063-2090; Edwards v. Mounts, 61 Texas, 398.  On second proposition see: Rev. Stats., art. 2088.  On third proposition see: National Guaranty Trust Co. v. Fly, 69 S. W. Rep., 231, 232; Barlow v. Anglin, 45 S. W. Rep., 857.

If it be true, under the facts of this case, that administration is still pending upon the estate of Patrick Curran, deceased, that fact did not deprive the District Court of jurisdiction to hear and determine appellee's case, but said court in fact was the only court having jurisdiction to determine the same.  Francis v. Northcote, 6 Texas, 185; Ponton v. Bellows, 22 Texas, 681; Fort v. Fitts, 66 Texas, 593; Fagan v. Grigsby, 5 S. W. Rep., 39; Clarke v. Sinks, 46 S. W. Rep., 199.

TALBOT, ASSOCIATE JUSTICE.—This is an action brought by appellee in the District Court of Dallas County, Texas, to recover of Mary Burke, formerly Mary Curran, individually, and as administratrix of the estate of Patrick Curran, deceased, and of the appellant as surety, the sum of three thousand dollars, the alleged reasonable rental value of the land and premises described in its petition from January 2, 1900, to January 18, 1901.  The suit was based upon the bond of the said Mary Burke, as administratrix of the said Curran's estate, and a replevy bond given by her in an action of trespass to try title on the part of appellee to recover of her said property, both of which bonds appellant had signed as surety.  It was not specifically alleged that the administration of Patrick Curran's estate was closed and the administratrix discharged, nor that the claim made the basis of plaintiff's cause of action had been presented to the administratrix for allowance, and the same rejected or allowed.  The defendants filed a plea to the jurisdiction of the court, and answered by general and special exceptions and a general denial, etc.  The case was submitted to a jury on special issues, and upon their answers judgment in favor of appellee for the sum of $2,711, including principal and interest, was rendered against appellant and the said Mary Burke, individually, and as administratrix of the estate of Patrick Curran, deceased.  The judgment further provided that execution thereon should issue against appellant and the said Mary Burke personally, but, insofar as rendered against the said Mary Burke in her official capacity, the same should be certified to the County Court for observance.  From this judgment appellant alone has appealed.

The facts are as follows: On January 19, 1897, appellee was the

owner and in possession of the property described in its petition, being lot 3, block 95, and lot 4, block 128, situated in the city of Dallas, Texas. On that day appellee sold and conveyed said property to one Patrick Curran, in consideration of $300.68 cash, paid by the said Curran, and his promissory note for $32,500, payable to appellee on or before January 1, 1900, with interest from January 1, 1897, at the rate of eight percent per annum, payable semiannually. The vendor's lien was expressly retained by appellee in its conveyance of said property to said Curran to secure the payment of said note. Upon the execution and delivery of said conveyance Patrick Curran took possession of said property and remained in possession thereof until his death, which occurred on July 25, 1898. Thereafter, on September 13, 1898, the defendant, Mary Burke, then Mary Curran, and the surviving wife of Patrick Curran, upon her own application, was appointed administratrix of the estate of said decedent by the County Court of Dallas County, Texas, and on the 3d day of October following she qualified by giving bond in the sum of $44,000, payable and conditioned as required by law, and taking the oath prescribed by law. Said bond was signed by appellant, Fidelity & Deposit Company of Maryland, as surety, and duly approved by the court. In pursuance of said appointment the said Mary Curran, administratrix, took possession of the property which had been conveyed to her husband, as stated, and remained in possession thereof until January 18, 1901. About the first day of January, 1899, the said $32,500 note became due, by reason of default in the payment of interest, etc., whereupon appellee elected to rescind the sale made by it to said Curran, and evidenced by the conveyance and note mentioned, and in pursuance of such rescission demanded possession of said property of said administratrix, but she refused to surrender possession thereof, and thereafter, on the 22d day of March, 1899, appellee instituted suit of trespass to try title for the recovery of said property against said administratrix individually, and in her representative capacity, and others, and caused the said property to be sequestered. The said Mary Curran thereupon, as administratrix, and under the order of the County Court of Dallas County, made upon her own application, replevied said property by executing and delivering to the sheriff of Dallas County a replevy bond, payable to the appellee, and conditioned as required by law, signed by herself, as administratrix, and by the appellant, Fidelity & Deposit Company of Maryland, as surety, which said bond was duly returned to and filed in the District Court of Dallas County. In pursuance of said replevy bond the said administratrix remained in possession of said property as theretofore. On January 2, 1900, the said suit of trespass to try title was tried, and resulted in a judgment in favor of the appellee against the said Mary Curran, individually and as administratrix, and the other defendants, for the land therein in controversy, being the land hereinbefore described, and against the said administratrix and appellant company, for the value of the rents thereof from the date of the institution of said suit, on the 22d day of March, 1899, to the date of judgment, the same amounting to the sum of $1,678.30. The said administratrix, in her official capacity, on said date excepted to the judgment of the District Court in the last named suit, and in open court gave notice of appeal to the

Court of Civil Appeals for the Fifth Supreme Judicial District of Texas, where said judgment was affirmed on November 10, 1900. The said administratrix applied to the Supreme Court for a writ of error, and her application was refused by the Supreme Court on January 18, 1901, thus making the judgment of the trial court of January 2, 1900, final. The said administratrix, as such, remained in possession of the property replevied as aforesaid, and by virtue of said replevy bond after the rendition of the judgment of January 2, 1900, as she had theretofore, and collected the rents, and there was paid to her in actual cash, in her official capacity as administratrix, during the period elapsing between the date of the rendition of the judgment of January 2, 1900, and the refusal of the writ of error by the Supreme Court on January 18, 1901, as rents of said property, the sum of $1,929.50.

Mrs. Curran testified: "I used some rents for attorney's fees, making repairs, etc., and living expenses. I paid them out for attorney's fees, repairs and living expenses." Referring again to the same matter, she says: "I do not remember that my attorneys advised me to whom the rents collected for this period (pending the appeal) belonged. I spent the money as I have stated before. I did not make any claim that the money was mine, but I naturally supposed that I had the right to use the money."

The estate of Patrick Curran has no property whatever, and is insolvent. The administratrix, Mrs. Curran, on July 22, 1901, filed her final report in the Probate Court, signed and sworn to by her, wherein she makes this statement: "This administratrix shows that said appeal (referring to the appeal from the judgment of January 2, 1900, in the case of The Texas Land & Mortgage Company, Limited, v. Mary Curran et al.) was prosecuted without bond under the statutes, and that, pending same, she collected certain rents and made certain disbursements, but she says that said Texas Land & Mortgage Company have a claim therefor against her, and will probably sue thereon, and she submits that the District Court having decided that said property was not the property of this estate, and that judgment having been affirmed, and the plaintiff in said cause having and holding said claim for rents against her, that she should not report such collections as she made during the said appeal in the matter of this estate, as the same formed no part of this estate." Nothing has been done in the Curran estate since the filing of this report, which has never been acted on; and the administration of said estate has not been formally closed by an order of the Probate Court.

Mrs. Curran, the administratrix, left Dallas and went to New Orleans, in the State of Louisiana, in March, 1900. The final account above referred to was filed while she was in New Orleans. The claim for the rents, sued for in this action, was never presented to the administratrix for allowance, and was never rejected or allowed by her.

This suit, based on aforesaid bonds, was filed October 10, 1901, at which time the administratrix had been absent from the State about nineteen months, and was, and is, herself insolvent.

The jury's finding of the rental value of the land and premises described in appellee's petition, and the judgment rendered thereon, are supported and justified by the evidence.

*Opinion.*—Appellant's assignments of error, from the first to the eleventh inclusive, complain of the action of the court in overruling its general and special exceptions to appellee's petition and plea to the jurisdiction of the court. The several propositions submitted under these assignments are, in substance: (1) that the liability on the replevy bond terminated with the judgment of the District Court, and such bond does not include liability for the rents of the real estate mentioned during the period of appeal; (2) that the replevy bond could not operate as a supersedeas bond and suspend the enforcement of the judgment in the District Court, but that the suspension of the enforcement of the judgment in the District Court in this case was by reason of the fact that the appeal prosecuted by the administratrix, who was not required to give an appeal or supersedeas bond, operated as a supersedeas of said judgment; (3) that the law exempting an administratrix from giving bond on appeal applies exclusively to appeals from the trial court to the Courts of Civil Appeals, and does not apply on writ of error from the latter court to the Supreme Court, and that appellee's petition discloses no facts which show any suspension of the enforcement of the judgment rendered in the action of trespass to try title during the time which elapsed from the affirmance of said judgment in the Court of Civil Appeals and the denial of a writ of error by the Supreme Court; (4) that the replevy bond can not be recovered on as a common law obligation; (5) that the District Court had no jurisdiction to entertain appellee's cause of action on either the administratrix's bond or the replevy bond, because (a) the petition failed to show that the administration of Curran's estate had been closed; (b) that the petition shows on its face that appellee's suit was founded on a claim for money against Curran's estate, and it did not appear from said petition that the claim had been either rejected or allowed; (6) that appellee's claim does not constitute a paramount charge on the rents of the property, because the County Court alone has jurisdiction to classify and direct the payment of claims against an estate pending administration; (7) that appellant could be held liable only for the rents of the property which could be actually collected as the result of the exercise of ordinary care on the part of the administratrix, Mary Burke.

We are of the opinion that the court did not err in its conclusion of law upon any of the questions raised by the assignments and propositions mentioned, but correctly overruled all of appellant's exceptions to appellee's petition, as well also as its plea to the jurisdiction of the court. The liability incurred by reason of the replevy bond did not terminate with the rendition of the judgment of January 2, 1900, for the rents which had accrued up to that time. This liability, we think, continued during the period of the appeal from the judgment and until said appeal was finally disposed of by the refusal of a writ of error by our Supreme Court, and such time thereafter as necessarily elapsed before appellee obtained possession of its property. The result of the litigation inaugurated by appellee to recover possession of the property established its title and right thereto at the time of the institution of its suit, and that the sequestration was not wrongfully but lawfully sued out. If the administratrix had not exercised her statutory right

to replevy the property when seized by the writ of sequestration, which was made possible by the signature of appellant to her bond, it is fair to presume appellee could, and would, have exercised that right, and enjoyed the possession of its property during the protracted litigation which followed. The obvious purpose of the statute in authorizing the sequestration of property pending a suit for its recovery, and the replevy thereof by the defendant, is to prevent injury to the property and secure the claimant in the rents and revenues issuing out of the same. Article 4875 of the statute provides: "If the property be real estate, the condition of such (replevy) bond shall be that the defendant will not injure the property, and that he will pay the value of the rents of the same in case he shall be condemned so to do." It is true the statute further provides that, in the event the case is decided against the defendant, final judgment shall be entered against all the obligors in such (replevy) bond, jointly and severally, for the value of the fruits, hire, rent, etc., of the property, and makes no mention of any further liability on the bond, but we think the act evidently contemplates that the bond shall stand security for the rents pending the litigation, which does' not necessarily stop with the judgment rendered in the trial court, but may be continued at the option of the unsuccessful party for such period of time as may be necessary to secure the action of the courts of last resort on appeal and writ of error.

The construction insisted upon by appellant limits the security afforded by the replevy bond against injury to the property, and for rents, to only a part of the time during which the possession of such property may be retained and rents appropriated by reason of such bond and the protraction of the litigation. Such construction is not consistent, in our opinion, with the clearly manifested purpose and aim of the Legislature, and the injustice thereof is forcibly illustrated by the facts of the present case. The administratrix here is permitted, upon the execution of the replevy bond signed by appellant, to remain in possession of the property sought to be recovered in the action of trespass to try title instituted by appellee. Without an appeal and supersedeas bond she was authorized by law to appeal, and did appeal, from the judgment rendered in that case in appellee's favor, which operated as a stay of execution and prevented the issuance of a writ of possession during the pendency of such appeal. This appeal was pending, and appellee deprived by reason thereof of the possession of its property and the revenues arising therefrom, for a period of little more than one year, beginning with the date of the judgment appealed from, which was January 2, 1900, and ending January 18, 1901, when a writ of error was refused by the Supreme Court. Appellant's contention that the appeal by the administratrix, Mrs. Burke, had the effect of superseding the judgment entered in the action of trespass to try title, is in a sense undoubtedly true, but that the replevy bond contributed in no measure to deprive appellee of the possession of its property pending such appeal is untenable. The replevy bond did not, as has already been said in effect, become *functus officio* upon the rendition of the judgment in appellee's favor for the recovery of the land and the rents which had accrued up to that time, but remained in full force during the appeal therefrom. It was by reason of the replevy bond that the administratrix was al-

lowed to retain possession of the property when sequestered, and the security afforded appellee by such bond entitled her to such possession during her appeal. The effect of the appeal was to prevent a termination of her right of possession acquired by the execution and delivery of the replevy bond. It was impracticable for appellee to secure, upon the affirmance of its judgment in the higher court, a judgment for the rents arising pending the appeal, and its right to maintain this independent action upon the replevy bond to recover the same we think is clear. Had the judgment appealed from been reversed and remanded upon some question of practice, or other ground not affecting appellee's ultimate right of recovery, and upon another trial the case had been decided in appellee's favor, its right in such case to judgment upon the replevy bond for the rents during the pendency of the appeal would not, we take it, be questioned; and hence no good reason is conceived why such recovery should be denied in this suit.

Appellant's contention that the District Court had no jurisdiction to entertain appellee's cause of action on either the administration bond or the replevy bond, because the administration of the estate of Patrick Curran, deceased, had not been formally closed by an order of the court, and appellee's claim for the rents sued for herein had not been rejected or allowed by the administratrix, should not be sustained. This contention is based upon the assumption or hypothesis that appellee's suit is founded upon a claim for money against a decedent's estate, which is subject to classification and payment like ordinary claims in the due course of administration, and upon the authority of Buchanan v. Bilger (64 Texas, 592), and cases in line therewith, it is urged such suit can not be maintained. This assumption is unauthorized, we think, by the facts. The sale of the land and premises in question to Patrick Curran was executory, and the superior title thereto remained in appellee; and while Patrick Curran, at the date of his death, and the administratrix of his estate thereafter, until appellee had elected to rescind such sale on account of the failure to pay the purchase money, and such right of rescission had been adjudicated by the court, was entitled to the possession of said property, yet after such rescission and adjudication, and during the pendency of the appeal therefrom, which resulted in an affirmance of the judgment of the lower court, said property belonged to appellee, and the rent collected or arising from the same formed no part of Curran's estate, but was the property of appellee, to which it had a good and lawful right. That the administratrix regarded the rents arising from this property during the pendency of her appeal, from January 2, 1900, to January 18, 1901, as no part of the assets of the estate of Patrick Curran, and for that reason declined to account to the Probate Court for it as such, is evidenced by her final report, filed July 22, 1901. This report, among other things, recites in substance that, pending said appeal, she collected certain rents from the property, but that the judgment of the District Court, adjudging appellee to be the owner of said property, had been affirmed, and that said rents formed no part of her intestate's estate. We are clearly of the opinion that, under the facts disclosed by the record, appellee's suit must be treated as one asserting an adverse claim of ownership to property unlawfully withheld from it by the administratrix of Patrick Cur-

ran's estate, and not one to establish and collect a debt due by said estate; that the District Court, and not the County Court, had jurisdiction to hear and determine the controversy, and that in such case it is wholly immaterial that the administratrix's final account has not been approved and the administration closed by an order of the court. (Edwards v. Mounts, 61 Texas, 398.) We do not question the ruling in the case of Buchanan v. Bilger, supra, but the cases are distinguishable on the facts, and the principle enforced in that case is not applicable to the case under consideration. The ground upon which the decision in the case of Buchanan v. Bilger was placed, insofar as it relates to the right to prosecute a suit upon an administrator's bond before he has been discharged from his trust, is "that, during the pendency of an administration in the County Court, that court has entire supervision of the estate, and is armed with full powers to protect the interest of heirs, legatees and creditors." It is there said: "These (referring to heirs, legatees and creditors) are authorized to come into that court and object to any irregularities or improper conduct of the administrator in the execution of his trust, etc. . . . It .is only after an administrator has been discharged from his trust, in some manner recognized by law, that an original suit can be prosecuted upon his bond in the District Court to make him and his sureties respond in damages for a waste and misappropriation of the assets of the estate. The extent of this waste can not be known until the administrator has ceased to manage the estate, for not until then can it be ascertained in what manner and to what extent he will account to the County Court for the assets committed to his charge." The appellee in the present case did not stand in the relation of heir, legatee or creditor to the estate of Patrick Curran, deceased, nor were the rents sued for assets of said estate. The County Court was not. invested with jurisdiction and power to hear and determine its right to recover the value of the rents which had been converted by the administratrix to her own use. The only court to which it could lawfully appeal for this purpose was, in our opinion, the court to which it did appeal—the District Court. Its cause of action was not founded upon a claim for a misappropriation of the *assets* of said estate by said administratrix, but was a suit for the recovery of property wrongfully taken and withheld from it. In the case of Edwards v. Mounts, supra, the plaintiffs, claiming that the decedent had made a gift of an insurance policy of $5,000 to them, filed an application in the County Court, when the estate was being administered, for an order directing the administrator, who had collected said policy, to pay over the amount to them. The County Court, upon hearing, granted the prayer of the appellants, and ordered the administrator to turn over the proceeds of said policy. From this judgment the administrator appealed, and the Supreme Court held that the County Court had no jurisdiction to try the question of title as between the estate and the heirs claiming ownership of said policy. (Francis v. Northcote, 6 Texas, 185.)

What we have said practically disposes of the other propositions submitted under the several assignments discussed. Appellee's claim not being one against Patrick Curran, deceased, it was not necessary to pre-

sent it to the administratrix of his estate for allowance. It is only claims against a testator or intestate that are required to be presented to the administrator for allowance.

Nor does the general rule that an administrator can only be held liable for a failure to exercise ordinary care in the management of the estate and collection of rents find application here. Appellee was entitled to recover the reasonable rental value of the property for the period claimed without regard to the amount actually collected by her or the care and diligence exercised by her in the management of said property. These conclusions dispose of appellant's assignments of error numbered twelve, fourteen, fifteen, sixteen, eighteen and forty-five.

Whether Mrs. Burke, as administratrix of the estate of Patrick Curran, deceased, and appellant, as surety upon her bond, as such became and were liable to appellee for the rents sought to be recovered in this action, said rents not being assets of said estate, is a question upon which the decisions seem to be in conflict. We have reached the conclusion, however, that the question should be answered in the affirmative. When the premises involved in appellee's action of trespass to try title were sequestered the said administratrix presented a written application to the County Court for authority to execute a replevy bond in order to retain possession of said property. This application was granted, and the replevy bond herein sued upon was executed. By means of this bond she acquired the lawful possession of the property in her official capacity as administratrix of Curran's estate, and thereafter collected rents and otherwise dealt with the same in such capacity. Mrs. Burke testified "that she replevied the property sequestered, and appealed from the judgment of the District Court in good faith, for the purpose of conserving and protecting the rights of the estate of Patrick Curran." The title and right of possession to the property was involved in the litigation, and it required an adjudication of the courts to determine the matter. That the litigation resulted favorably to appellee, and incidentally established that the rents of the property formed no part of Curran's estate, should not, we think, relieve the administratrix and the surety on her official bond from liability for such rents. Our views are well expressed by counsel for appellee. "Whatever an administratrix lawfully receives in her official capacity, her sureties become responsible for. It is immaterial that it may thereafter develop that the property so received did not in law belong to the estate. If the receipt is lawful, and in an official capacity, the surety becomes bound, and so remains until proper disposition is made of the thing received." (De Valengin's Adm'r ·v. Duffy, 14 Peters (U. S.), 290, 291; Conger v. Atwood, 28 Ohio St. Rep., 134; Simpson v. Snyder, 6 N. W. Rep., 730; Crowder v. Shackelford, 35 Miss., 359; Lafferty v. Young, 34 S. E. Rep., 444.)

The court erred in refusing to exclude the testimony of A. G. Wood, as shown by appellant's thirteenth assignment of error. This witness stated that he was "testifying from what the books show." The books were the best evidence of their contents, and the testimony of the witness objected to should have been excluded. This error, however, does not require a reversal of the case. The testimony, if against appellant, was not of such a material character as rendered it probable that any

harm resulted to it therefrom. We are inclined, however, to the opinion that, properly understood, the testimony was favorable to appellant. Besides, the fact to which this testimony relates was abundantly established by other evidence.

The several issues submitted to the jury, and to which objections are urged, were raised by the evidence, and the findings upon such issues were justified and sustained thereby. We deem it unnecessary to discuss other assignments of error. They have all been carefully considered, and it is believed no reversible error is disclosed by any of them. We think the judgment of the court below should be affirmed, and it is so ordered.

*Affirmed.*

Writ of error refused.