## W. A. WILSON ET AL. v. W. T. DICKEY.

Decided November 30, 1910.

**1.—Replevy Bond—Supersedeas Bond—Action Against Sureties.**

An action may be maintained against the sureties on a replevy bond or on a supersedeas bond without joining the principal in the bond when such principal is actually and notoriously insolvent; and this may be done in an independent suit after the termination of the original suit.

**2.—Same—Suit for Rents.**

After the termination of the original suit an independent suit may be brought on a replevy bond or a supersedeas bond for the recovery of rents which accrued pending ·the original suit.

**3.—Same—Wife Not Liable.**

A wife is not liable, and therefore not a proper party to a suit, upon a replevy bond or a supersedeas bond given in a litigation involving community property.

Error from the Sixty-first Judicial District, Harris County. Tried below before Hon. Norman G. Kittrell.

*Jacob C. Baldwin,* for plaintiffs in error.—The trial court erred in holding that the supersedeas bond and replevy bond sued upon in this cause are contracts and are within the meaning of article 1204, Sayles'

Revised Statutes of Texas, which authorizes suits against sureties without joining principals. Rev. Stats., arts. 3818 and 1204; Wandelohr v. Grayson County Bank, 112 S. W., 1046; Wren v. Peel, 64 Texas, 378; Sartain v. Hamilton, 14 Texas, 348.

*Love & Channell,* for defendant in error W. T. Dickey.

*Charles H. Taylor,* for defendant in error Eva W. Dexter.

FLY, ASSOCIATE JUSTICE.—This cause was tried on an amended and a supplemental petition, neither of which discloses the name of the plaintiff and it is only by the style of the case and other facts outside of the pleadings that we are able to ascertain that the suit was instituted by the defendant in error against William A. Wilson and David Hannah as sureties, and Eva W. Dexter, formerly Eva W. Walker, as principal, her present husband, W. W. Dexter, being joined *pro forma* as a party, on two bonds, one being a supersedeas bond and the other a replevy bond.

It was alleged that in 1905, Dickey sued Eva W. Walker and George W. Walker, then her husband from whom she has since been divorced, for certain lots in an addition to the city of Houston, and sequestered the property. That the defendants in that suit gave a replevy bond with Wilson and Hannah as sureties, binding themselves, among other things, to pay the value of the rents if condemned so to do, and the property was released. That subsequent thereto the cause was tried and judgment rendered for Dickey for the title and possession of the land. An appeal was taken from that judgment to the Court of Civil Appeals at Galveston, and a supersedeas bond was executed with the defendants as principals and Wilson and Hannah as sureties, in which they bound themselves, among other things, to pay all damages awarded and the value of the rents and hire of the property, and the judgment was affirmed and a writ of error was applied for and refused by the Supreme Court. It was further alleged that the premises had been occupied by the defendants in the original suit after the execution of the replevy bond for twenty-one months, and the occupants had paid no rents and that the rents with interest amounted to $985. A jury was waived and the court rendered judgment against Mrs. Dexter and the sureties for $330 with interest from February 15, 1907, at the rate of six per cent per annum, making a total of $375.40. Execution was directed first against the property of Mrs. Dexter and then against the property of the sureties.

The findings of facts show that the allegations in the petition were substantially established by the evidence, and they are adopted by this court.

Judgment was not rendered in the original suit on either the replevy bond or the supersedeas bond for the rents, and the contention is that an independent suit on the bonds or either of them can not be maintained when George W. Walker, one of the principals on the bond, was not made a party to the suit. It was alleged and proved that George W. Walker was actually and notoriously insolvent, and, under the pro-

visions and terms of article 1204, Revised Statutes, the authority is given to sue the sureties without the necessity of suing the principal obligor. That statute applies to the surety upon any contract, and there is no ground for the contention that the replevy and supersedeas bonds are not contracts within the purview of the statute. Neither of the authorities cited by plaintiffs in error is in point. In neither of the cases were the exceptions set forth in article 1204 shown to exist, and, of course, the general rule that a surety can not be sued unless his principal is joined with him, as formulated in article 3818, Revised Statutes, was applicable. The allegations and proof in this case bring it clearly within the scope of article 1204, which permits sureties to be sued without joining the principal when he is actually or notoriously insolvent. Bopp v. Hansford, 18 Texas Civ. App., 340 (45 S. W., 745).

There is another contention to the effect that judgment for the rents not having been rendered in the original suit, an independent suit on the bonds can not be maintained, which is without merit. The case of Fidelity Co. v. Texas Land & Mort. Co., 40 Texas Civ. App., 489 (90 S. W., 197), is directly in point. The right to sue on statutory bonds in independent actions must necessarily follow from the right accorded to the beneficiary to recover in independent suits on bonds not statutory on account of defects in them. Jacobs v. Daugherty, 78 Texas, 682; Mariany v. Lemaire (Texas Civ. App.), 83 S. W., 215.

The facts found by the trial judge indicate that the original suit was one of trespass to try title, and there was a prayer in the alternative for judgment on certain promissory notes and a foreclosure of the vendor's lien. The notes were given by Walker and wife, and the land must have been community property. In the original suit it was held by the Court of Civil Appeals that judgment could not be rendered against the wife for costs, clearly indicating that the land was not her separate property. Walker v. Dickey, 44 Texas Civ. App., 110. It follows that Mrs. Dexter was not a proper party to the suit and that no judgment should have been rendered against her. Wanderlohr v. Grayson County Bank, 102 Texas, 20. Mrs. Dexter not being a proper party, and Walker being notoriously insolvent, the judgment should have been against the sureties alone.

The judgment is reversed and the cause dismissed as to Eva W. Dexter and W. W. Dexter, and is affirmed as to William A. Wilson and David Hannah.

*Affirmed in part and reversed and dismissed in part.*