### SPIKES et al. v. WEST TEXAS SUPPLY CO. (No. 572.)

Court of Civil Appeals of Texas. Eastland.
April 26, 1929.

James A. Stephens, of Benjamin, for appellants.

M. F. Billingsley, of Munday, for appellee.

LESLIE, J. The West Texas Supply Company, plaintiff below, appellee here, instituted this proceeding in the trial court for the purpose of procuring a nunc pro tunc order correcting a judgment entered at a prior term of that court in favor of the appellee against appellants, I. H. Spikes and his sureties on a replevy bond. From said order undertaking to change or correct that judgment, this appeal is taken.

It appears that one W. D. Martin executed and delivered to the plaintiff a promissory note and secured the payment thereof by the execution and delivery to plaintiff of a chattel mortgage on several head of live stock. Thereafter Martin removed from Texas and became a resident citizen of New Mexico, but in the meantime he sold and transferred the mortgaged stock to said I. H. Spikes, who purchased the same, notwithstanding said mortgage was duly recorded at the time.

The plaintiff, West Texas Supply Company, in the institution of this suit, sequestered the mortgaged stock, and in due time the defendant Spikes replevied the same. On the original trial (February term) no notice was taken of the sequestration proceedings and no judgment entered on the replevy bond, but the chattel mortgage lien was foreclosed as prayed for. After adjournment of said term of court the appellee filed its motion to correct the original judgment by an order or judgment nunc pro tunc. The deficiency sought to be supplied arises from the fact that the original judgment did not run against Spikes and his sureties on the replevy bond. It is alleged that such omission was a clerical mistake. All parties being properly before the court, the above motion was heard at the following August term, and the court undertook to "correct" its original judgment, and in doing so rendered a judgment against Spikes, the principal, and his sureties on the replevy bond, thereby "amending" the original judgment as recited by the last judgment, and in proceeding to set out the order or judgment to be entered nunc pro tunc in respect to the matters called to its attention, the court restated the recitals of the original judgment foreclosing the mortgage, but in doing so granted a foreclosure on 21 head of live stock instead of 19 head as in the original judgment, and as against 11 head set out and described in the original petition upon which the original judgment was taken.

Upon request, the court filed conclusions of fact and law. In these he finds, among other things: "That at the time said judgment was rendered and at no time before or after, until the trial of this cause, was the court's attention called to the writ of sequestration or replevy bond, and neither was introduced in evidence, and the court did not know of their existence until the trial of this cause on motion to correct the judgment."

The appellants, Spikes and sureties, questioned the right of the court to enter said nunc pro tunc judgment on the ground that it amounted to more than the mere correction of purely clerical error in the record of the court's former judgment (article 2228, R. S. 1925); and that the action of the court in so doing was judicial in its nature, amending its former judgment to make it include matters which should have been but were not decreed or passed on when the original judgment was rendered.

As stated in 34 C. J. p. 231, under the subject of judgments: "The test to be applied in determining whether an error in a judgment is of a judicial character or a mere clerical mistake which may be corrected in a court where it was made at any time, saving intervening rights of third parties and with due regard to equitable considerations, is whether the error relates to something that the trial court erroneously omitted to pass upon or considered and passed upon erroneously, or a mere omission to preserve of record, correctly in all respects, the actual decision of the court, which in itself was free from error. If the difficulty is found to be of the latter character, it may be remedied as a mere clerical mistake, which will not have the effect to change the judgment pronounced in the slightest degree, but merely to correct the record evidence of such judgment."

In discussing a proceeding to have entered a nunc pro tunc judgment, our Supreme Court, in an able and interesting opinion by Chief Justice Phillips in Coleman v. Zapp et al., 105 Tex. 491, 151 S. W. 1040, has said: "A proceeding of such character, whose only purpose is to have the judgment entry speak truly the judgment as rendered, neither asserts nor seeks the enforcement of any new right. It presents no issue between the parties except in respect to the accuracy of the record, and otherwise involves the adjudication of nothing between them. It is powerless to reopen the controversy as closed and sealed by the judgment, and makes no such attempt. *The inquiry under it is not what judgment might or ought to have been rendered, but only what judgment was rendered; and such is the sole issue to be determined.*" (Italics ours.)

Applying the above test to the issues pre-

sented by the court's action in entering the nunc pro tunc judgment, and bearing in mind that the trial court in rendering the first judgment was wholly unaware of said sequestration proceedings and that, in addition to such fact, the scope of the foreclosure in the nunc pro tunc judgment was extended to include a greater number of stock than was embraced in the original judgment or plaintiff's petition, it becomes clearly apparent that the effect of granting appellee's motion was to displace the original judgment with one "that might or ought to have been rendered." In other words, the instant proceeding had for its purpose the amendment or correction of a judgment rendered by the court as distinguished from the mere amendment or correction of the record thereof. It sought to amend or correct a judicial mistake or omission and not a clerical mistake or omission in the matter of recording a judgment. Hence, the trial court erred in sustaining appellee's motion and entering the purported nunc pro tunc judgment. See Missouri Pac. R. Co. v. Haynes, 82 Tex. 448, 18 S. W. 605, De Camp v. Bates (Tex. Civ. App.) 37 S. W. 644 (writ refused).

Further, the granting of a foreclosure on property against which the plaintiff's petition asserted no lien, as above indicated, was erroneous, as a judgment must have support in the pleadings, and without such support it is fundamental error to enter it. Holloway Seed Co. v. City Nat. Bank of Dallas, 92 Tex. 187, 47 S. W. 95, 516; West Texas Utilities Co. v. Nunnally (Tex. Civ. App.) 10 S.W.(2d) 391 (6–8).

The appellee's remedy, if any, may be by way of an independent suit, as in Wilson et al. v. Dickey, 63 Tex. Civ. App. 155, 133 S. W. 437; Wakefield v. Queisser (Tex. Civ. App.) 293 S. W. 896, but it will not be permitted in this character of proceeding to obtain against the appellants a judgment different from that actually rendered in the original trial.

For the reasons assigned, the judgment of the trial court will be reversed, and the cause remanded.