**SPIKES et al. v. WEST TEXAS SUPPLY CO.**
**No. 886.**

Court of Civil Appeals of Texas. Eastland.
Sept. 11, 1931.

Rehearing Denied Oct. 9, 1931.

Jas. A. Stephens, and J. C. Patterson, both of Benjamin, for plaintiffs in error.

M. F. Billingsley, of Munday, for defendant in error.

HICKMAN, C. J.

This is the second case in this court growing out of the same transaction. The former case is reported in 16 S.W.(2d) 959. In that case, as is disclosed by our opinion, the de-

fendant in error procured a judgment on a promissory note and for the foreclosure of a mortgage lien upon certain personal property. The property was taken under a writ of sequestration, and the plaintiff in error I. H. Spikes, who was a defendant in the original suit, repossessed the property by virtue of a replevy bond made by him as principal and O. D. Propps and E. B. Sams as sureties. No judgment was sought or obtained against Spikes or his sureties on the replevy bond in the original case. An effort was made to procure judgment against them after the term of court expired, by the entry of a nunc pro tunc decree, but this court held in the former appeal that the effort was futile. After our opinion was released in that case, the defendant in error instituted a suit on the replevy bond in the justice court alleging its damages in an amount less than $200. A plea in abatement having been sustained in that court, the defendant in error appealed to the county court. The same plea in abatement was interposed in the latter court. It was overruled and judgment rendered in favor of the defendant in error against plaintiffs in error for the amount claimed as damages. Liability was based upon the theory, apparently, that the obligors on the replevy bond failed and refused to deliver the property described in the writ of sequestration and replevy bond to the sheriff to be sold in accordance with the decree in the original suit.

Only two assignments of error are presented to this court. The first one presents for review the action of the trial court in overruling plaintiffs in error's plea in abatement. Three reasons are assigned in support of the contention that the trial court erred in this ruling, as follows: (a) Because the plea in abatement showed that the said cause of action was still pending in the district court of Knox county between the same parties; (b) because the amount in controversy was beyond the jurisdiction of the justice court; and (c) because, since the justice court had no jurisdiction, the county court acquired none by the appeal.

■ We cannot sustain this assignment for any of the reasons assigned. This is a different cause of action to that involved in the district court. That case was based upon a note and mortgage. This one is based upon an alleged breach of conditions of a replevy bond. Since the liability on the replevy bond was not enforced in the original suit, an independent suit may be maintained on the bond. Wilson v. Dickey, 63 Tex. Civ. App. 155, 133 S. W. 437.

■ The amount in controversy herein is the amount of the damages claimed, and not either the penal sum of the bond or the value of the sequestered property. It was held by the Commission of Appeals in American Surety Co. v. Foust, 272 S. W. 445, 447, that, in a suit by a creditor against a surety on a road contractor's bond, the penalty named therein determines the court's jurisdiction. That conclusion was based upon the statutes applicable to that particular bond. The opinion points out the distinction between an action on a bond of that character and one of the character of a replevy bond, and quotes with approval the following clear statement of the rule from 15 C. J. 768: "It has been held that in an action on a bond it is the amount of the damages claimed, and not the penalty of the bond, which determines jurisdiction; the damages being the real amount in controversy and the penalty being regarded as in the nature of collateral security for the debt. but there is also authority for the view that the penalty of the bond is the amount in controversy for the purpose of determining jurisdiction. This apparent conflict may be reconciled by a distinction, which the cases do not always make clear, based on the nature of the bond and the judgment which must be entered in the action, and it is believed that the correct rule may be stated as follows: The amount of damages sought to be recovered controls where a judgment for that amount, although different from the penalty of the bond, determines the entire liability of the obligors. But the amount named as the penalty of the bond controls where the nature of the bond is such, or the practice with relation to such action requires, that the judgment must be entered for the full penalty of the bond to be discharged on payment of the damages or to stand as security for further breaches; the remedy therefor being by scire facias."

On the bond here involved a judgment for the amount of damages sought determines the entire liability of the obligors. It follows, under the rule above quoted, that the amount of damages sought determines the jurisdiction of the court rather than the penal sum of the bond.

From the syllabus in the case of Hail v. Tunstall, 21 Tex. Civ. App. 593, 54 S. W. 323, it would appear that it was held in that case that, in a suit on a replevy bond, the value of the property replevied fixes the amount in controversy for the purposes of determining the jurisdiction. A reading of the opinion in that case will disclose that the amount of recovery sought was the same as the value of the replevied property, and that amount determined the jurisdiction rather than the penal sum of the bond.

■ The second assignment of error complains of the action of the trial court in overruling the plea of res adjudicata filed by plaintiffs in error. It is claimed that the judgment rendered in the district court in the original cause was a final judgment, and had barred any other cause of action growing out of the same transaction. This assignment is overruled. As above stated, the causes of action are different, and the fail-

ure to procure a judgment on the replevy bond in the original suit does not bar an independent suit thereon. Wilson v. Dickey, supra.

No complaint is made of the sufficiency of the pleadings on the evidence to support the judgment rendered, except as shown in the two assignments considered. These assignments do not, in our opinion, afford any reason for reversing the judgment of the trial court, and same is therefore affirmed.