**DONNELL v. TALLEY et al.**

No. 1570.

Court of Civil Appeals of Texas. Eastland.

June 21, 1935.

T. R. Odell, of Haskell, for appellant.

Marshall & King, of Graham, for appellees.

LESLIE, Chief Justice.

Sam Donnell, individually, and as surviving partner of W. T. Talley, deceased, instituted suit No. 797 in the district court of Throckmorton county against Mrs. Dovie Talley, widow of W. T. Talley, W. T. Talley, Jr., and the other children of the Talley family. The general purpose of the suit was for a partnership accounting, for possession of certain alleged partnership property, namely, 320 acres of land, known as the "T. E. & L. Survey No. 3044, Throckmorton County, Texas," and for rents, etc. The defendants answered in that suit. A trial was had, and upon the answers of the jury to special issues, judgment was rendered that Sam Donnell take nothing by his suit. From that judgment Donnell appeals to this court, and the record was filed here June 7, 1935, as cause No. 1567. June 14, 1935, Sam Donnell, appellant in that cause, filed in this court an application for writ of injunction restraining Mrs. Dovie Talley, W. T. Talley, Jr., and the other defendants from selling or disposing of the grain and other products produced on said premises, and from interfering with the possession and control of Sam Donnell of the grain and products to be raised on said premises until the final disposition of cause No. 1567.

■ It is elementary that when necessary, Courts of Civil Appeals have authority to issue writs of injunction to protect their jurisdiction in causes appealed to such courts, and to preserve in such instances the status quo of such property involved in litigation until its final determination.

The statute expressly gives such authority in this language: "Said courts and the judges thereof may issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts." Article 1823, R. S. 1925.

See Gibbons v. Ross (Tex. Civ. App.) 167 S. W. 17; Ford v. State (Tex. Civ. App.) 209 S. W. 490; Leonard v. Small (Tex. Civ. App.) 28 S.W.(2d) 826; Life Insurance Company of Virginia v. Sanders (Tex. Civ. App.) 62 S.W.(2d) 348; Moore v. McLennan County (Tex. Civ. App.) 275 S. W. 478; 11 Tex. Jur., p. 908, § 131.

So much for the authority to protect its jurisdiction in a cause properly on appeal. The duty of this court to grant the injunction under the facts of this case is the sole question before us.

■ We are of the opinion that we would not be warranted in granting the injunction prayed for for the following reasons:

Each action taken by the relator Donnell in the previous steps of this and related litigation proceeds upon the theory that the defendants were in possession of the property involved. The showing made before us is that when he instituted the above suit (No. 797) in the district court of Throckmorton county, he made affidavit, filed bond, and sequestrated the lands and property in question, and that thereafter, and in due time, Mrs. Dovie Talley, W. T. Talley, Jr., and the other defendants replevied the property in controversy by executing and delivering to the sheriff of Throckmorton county, on February 23, 1935, a replevy bond, accepted and approved by the sheriff of that county on February 25, 1935. The statute (article 6849, R. S. 1925) provides that in case the defendant replevies the defendant shall have the right to retain possession of the property by delivering to the officer *executing the writ* his bond payable to the plaintiff with two or more good and sufficient sureties in an amount not less than double the value of the property. The defendants executed such a bond, and it protects against any loss of the property replevied "and the value of the fruits, hire, revenue or rent thereof as the case may be." Article 6852, R. S. 1925. This replevy bond undoubtedly safeguards the rights of Donnell and adequately protects him against any damages which he alleges he may suffer if the writ herein applied for is not granted. It will protect his rights, if any, in the crops involved, whether harvested or unharvested. Love v. Perry (Tex. Civ. App.) 111 S. W. 203; Fidelity & Dep. Co. of Maryland v. Texas Land & Mort. Co., 40 Tex. Civ. App. 489, 90 S. W. 197; Western Ind. Co. v. Alderete (Tex. Civ. App.) 292 S. W. 914; Rice v. Schertz (Tex. Civ. App.) 187 S. W. 245(2); Wilson v. Dickey, 63 Tex. Civ. App. 155, 133 S. W. 437; Pinchback v. Swasey (Tex. Civ. App.) 194 S. W. 446.

If at the termination of the litigation Donnell establishes his alleged rights in the property, rents, and revenues there-

of, they should be forthcoming under the terms of the bond. Any destruction or failure to account for the property by the defendants under such circumstances would be at the peril of themselves and the sureties on their said bond.

For these reasons the relief prayed for is denied. It is so ordered.