CHRISTOPHER FINEGAN AND WIFE V. MARTIN READ ET AL.

No. 425.

1. **Trespass to Try Title—Sequestration—Sureties—Damages.**—The liability upon a sequestration bond arises from the wrongful issuance of the writ, and it is contemplated, so far as the sureties upon such bond are concerned, that the property shall remain in the hands of the officer executing the writ, to respond to the judgment of the court upon the trial of the cause. The damages which may be recovered of such sureties are such as naturally flow from the seizure and the detention of the property, and such special damages as may be alleged and proven to have necessarily resulted therefrom.

2. **Plaintiff's Replevy Bond—Sureties.**—The liability of the sureties upon a plaintiff's replevy bond does not arise from the wrongful issuance of the writ and the detention of the property by the officer executing the writ; but rests upon the failure of the plaintiff in the writ, who has obtained possession under the replevy bond, to restore the property free from injury and pay the rents of the same, in case he shall be condemned so to do.

3. **Sequestration and Replevy Bonds—Joinder of Actions.**—When, by giving sequestration and replevy bonds, the plaintiff in trespass to try title obtains possession of the premises, and then dismisses his action but refuses to redeliver possession, the defendants may, in one suit, recover on both bonds, joining as parties defendant the separate sets of sureties on the respective bonds.

4. **Parties.**—In ascertaining who are the proper parties to a suit, it is not indispensable that all parties should have an interest in all the matters in controversy; it will be sufficient if each party has an interest in some of the matters in the suit, such matters being connected with the others.

APPEAL from Bowie. Tried below before Hon. JOHN L. SHEPPARD.

*F. M. Henry*, for appellants.—1. The plaintiffs could join all the defendants in the same suit, because all of said defendants participated in the said suit of Martin Read and Eliza Read against the plaintiffs, Finegan and wife, were interested in, and connected with the said suit.

2. A joinder of both sets of securities as defendants in one action was not only proper for the protection of the plaintiffs, but also for the adjusting of the matters of damages among the said sureties themselves. Dobbin v. Bryan, 5 Texas, 284; Walcott v. Hendrick, 6 Texas, 406; Craddock v. Goodwin, 54 Texas, 582; Clegg v. Varnell, 18 Texas, 294; Love v. Keowne, 58 Texas, 191–202; Milliken v. Callahan County, 69 Texas, 209; Railway v. Graves, 50 Texas, 181.

3. All parties participating in the suit of Read and wife against Finegan and wife are jointly liable for the damages sustained by them. Blum v. Gaines, 57 Texas, 135; Loftus v. Maxey, 73 Texas, 242; Cabell v. Shoe Company, 81 Texas, 104.

No brief for appellees reached the Reporter.

FINLEY, ASSOCIATE JUSTICE.—The appellants sued appellees, September 8, 1887, alleging that on February 21, 1882, Martin Read and

Eliza Read sued appellants, C. Finegan and Amanda Finegan, for the title and possession of a certain tract of land situated in Bowie County, then belonging to appellants; that on said February 21, 1882, said Read and wife executed their sequestration bond, with H. W. Runnels and R. W. Read as sureties, in the said suit, for $300, payable to appellants, and conditioned according to law; that said Read and wife obtained a writ of sequestration in said suit, bearing date said February 21, 1882; that said writ was duly executed on the day of its date by the sheriff of Bowie County, by seizing and taking into his possession the said homestead land and premises of appellants, and by putting appellants off said premises. That on March 18, 1882, the said Martin Read and Eliza Read executed their replevy bond, with J. M. Talbot, J. M. Collins, and J. H. Smelser as sureties, in the said suit, for $300, payable to appellants, and conditioned according to law.

That by means of the said writ of sequestration and the said replevy bond and sequestration bond, and the said suit, the said Martin Read and Eliza Read obtained the possession and control of the said land and premises, the same being the homestead and property of appellants, Finegan and wife; that all of the said instruments were executed and filed, and the writ of sequestration issued in said suit of Martin Read and Eliza Read against appellants, in the District Court of Bowie County, Texas.

That after said Read and wife had obtained possession of said premises by means of said writ of sequestration and replevy bond, on to wit, September 28, 1885, they fraudulently and wrongfully dismissed their said suit, and continued to hold possession of said homestead and premises of appellants, and refused to surrender the same to appellants. That the land and premises were the property and homestead of appellants at the time Read and wife brought said suit; that there were permanent and valuable improvements on said premises of the value of $500 when the same was taken from appellants; that Read and wife removed all said improvements from said premises; that the rents of said premises were of the value of $50 per year for the whole time since taken. That Eliza Read died before this suit was brought.

They prayed for judgment against Martin Read and H. W. Runnels and R. W. Read for $300, and against said Martin Read, J. M. Talbot, J. M. Collins, and J. H. Smelser for $300 damages, and for general relief.

All the defendants answered by general and special demurrer, upon the ground of the misjoinder of the parties defendant and causes of action and general denial. On October 10, 1892, the cause was tried on the general and special exceptions of the defendant to appellants' petition, which resulted in a judgment in favor of said defendants sustaining their general and special exceptions, and dismissing appellants' suit; the plaintiffs declined to amend, and excepted to the said ruling and judgment of the court.

*Opinion.*—Appellants complain of the action of the court below in sustaining the general demurrer to their petition by proper assignments of error.

The sequestration bond was conditioned, "that Eliza Read and Martin Read, who had applied for a writ of sequestration in the said suit, would pay to the defendant all such damages as might be awarded against them, and all costs, in case it should be decided that such sequestration was wrongfully issued." Upon this bond H. W. Runnels and R. W. Read are sureties. The replevy bond was conditioned, "that the said plaintiffs, Martin Read and Eliza Read, would not injure the said property, and that they would pay the value of the rents of same in case they should be condemned so to do, and that said property should be forthcoming, together with the fruits, hire, revenue, and rents of the same, to abide the decision of the court." The sureties upon this bond are J. M. Talbot, J. M. Collins, and J. H. Smelser. The bonds were each conditioned as required by statute (Sayles' Statutes, articles 4492, 4499), and were each in the sum of $300.

The liability upon the sequestration bond arises from the wrongful issuance of the writ, and it is contemplated, so far as the sureties upon this bond may be concerned, that the property shall remain in the hands of the officer executing the writ, to respond to the judgment of the court, upon a trial of the cause in which the writ is issued. The damages which may be recovered of such sureties are such as naturally flow from the seizure and detention of the property, and such special damages as may be alleged and proven to have necessarily resulted therefrom. Harris v. Finberg, 46 Texas, 79.

The liability of the sureties upon the replevy bond does not arise from the wrongful issuance of the writ and detention of the property by the officer executing the writ; it rests upon the failure of the plaintiff in the writ, who has obtained possession under the replevy bond, to restore the property free from injury and pay the rents of the same, in case he shall be condemned so to do.

"A writ of sequestration is permitted by law to issue in a suit of trespass to try title, for the purpose of preventing injury to the property, its waste, or to prevent the conversion by the occupant of the fruits and revenues of the property; and it is permitted for no other purposes. It was never intended that a party might use such process for the sole purpose of getting possession of property in the possession of and claimed by another. Good faith requires a party plaintiff, who obtains property through a writ of sequestration, to prosecute his suit to final termination; and if the same is determined against him, to restore it with the revenue and rents of the same to the party from whose possession the same was taken. The dismissal of the suit in this regard was equivalent to an abandonment of claim, and required a restoration of the property." Blum v. Gaines, 57 Texas, 139.

Upon the dismissal of the sequestration suit, the plaintiffs therein abandoned their claim to the right of possession, and became liable to

the defendants in sequestration for all such damages as were legally consequent upon each and every action taken in the sequestration proceeding. There is no legal consequence resulting in damage for which they were not liable. The sureties upon the respective bonds—sequestration and replevy—were liable to a different extent, and upon a different basis, as above stated; but both sets of sureties were liable for such consequences as are contemplated by their respective obligations. Appellants clearly had the right, in a single suit, to recover of the original plaintiffs in sequestration the full damages which had legally resulted from the sequestration proceedings; and as each set of the sureties were also liable for such of the damages as are contemplated by their respective statutory obligations, no sound reason is perceived, under our system of judicial proceeding, why their liability should not be determined in the same suit. "Our system of pleading is intended to prevent circuity and multiplicity of actions, and to obviate the technical and artificial boundaries of the common law. We do not say that a case may not arise with us where the objection of multifariousness would not be well taken; but we think, as a general rule, that the principle announced in Walcott v. Hendrick, 6 Texas, 415, should govern: that an objection which would be well taken under a system where there are forms of action should not prevail with us, where the matters relied on are connected or grow out of the same cause of action or transaction, and subject matter in dispute." Railway v. Gaines, 50 Texas, 202.

In ascertaining who are the proper parties to a suit, it is not indispensable that all the parties should have an interest in all the matters in controversy; it will be sufficient if each party has an interest in some of the matters in the suit, such matters being connected with the others. Lane v. Keowne, 58 Texas, 191-202. See also Dobbin v. Bryan, 5 Texas, 284; Craddock v. Goodwin, 54 Texas, 582; Clegg v. Varnell, 18 Texas, 294; Loftus v. Maxey, 73 Texas, 242; Cabell v. Shoe Co., 81 Texas, 104.

We are of the opinion that the trial court erred in sustaining the general demurrer to appellants' petition, and for that reason the judgment is reversed and the cause remanded for a trial upon the merits.

*Reversed and remanded.*

Delivered June 13, 1894.