### P. T. NORWOOD v. INTER-STATE NATIONAL BANK OF TEXARKANA.

#### No. 705. Decided November 21, 1898.

**1. Sequestration—Former Adjudication.**

A plaintiff who sequestered and replevied property of a defendant, but was adjudged to take nothing by his suit, the property not being surrendered to defendant nor its value assessed by the judgment, is liable to defendant for its value and can not plead the judgment in the sequestration suit as a bar to such claim. (P. 270.)

**2. Setoff—Promissory Note—Attorney's Fees.**

A bank which had gone into liquidation sued the maker of notes bearing provision for attorney's fees for collection, given by one to whom the bank was liable for damages for seizing his property by sequestration in a previous suit, and failing to return it when adjudged not entitled to recover. Held, that defendant's claim for damages did not extinguish the notes pro tanto, and judgment was properly rendered for attorney's fees upon the full amount of the notes—not merely upon the amount less the damages allowed by reason of the sequestration. (P. 270.)

**3. Sequestration—Measure of Damages For.**

The measure of damages for wrongfully taking property by sequestration is the value of same at the time and place of seizure, with interest from that date, not the value at and interest from the date of the trial, as in case of suit upon a replevin bond. Watts v. Overstreet, 78 Texas, 578, distinguished, and Weaver v. Ashcroft, 50 Texas, 427; Blum v. Thomas, 60 Texas, 158; Willis v. Lowry, 66 Texas, 540, followed. (Pp. 270, 271.)

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from Bowie County.

The suit was brought by the bank, upon notes against Norwood, who reconvened for damages sustained in a previous sequestration suit. Both parties assigned error on Norwood's appeal, and both obtained writ of error when the judgment was reformed and affirmed by the Court of Civil Appeals.

*F. H. Prendergast* and *Dan T. Leary*, for plaintiff in error Norwood.—The Court of Civil Appeals erred in holding that the credit of the lumber should be for its value at the time of the judgment in the sequestration suit, and not at the time the lumber was taken by sequestration, because the real and true measure of damages is the value of the lumber

at the time it was taken, with 6 per cent interest from that date, and the rule governing sequestration suits has no application except in the suits given on the bond in sequestration.

The Court of Civil Appeals erred in holding that the District Court correctly gave judgment for attorney's fees of 10 per cent on the amount due when the notes were delivered to the attorneys. This was error, because when the bank went into voluntary liquidation it had no right to sue Norwood on the notes except on the proving that it was necessary to collect the debt due by him in order to pay the other stockholders their proper dividends.

The District Court and the Court of Civil Appeals erred in not crediting the value of the lumber before the notes were delivered to the attorney, and in allowing plaintiff attorney's fees on an amount equal to the value of the lumber. When the bank went into voluntary liquidation it became necessary and proper to settle the account between Norwood and the bank on equitable principles, and Norwood should have had amount due him for the lumber deducted from the amount he owed the bank, and his right to this did not depend on his right at law to set off the value of the lumber against the debt due on the note. Wilson v. Soper, 13 B. Mon., 417; Simrall v. O'Bannons, 7 B. Mon., 609; Story on Partnership, sec. 348a, and note; Jordan v. Miller, 75 Va., 449; Marsteller v. Weaver, 1 Grat., 391; Collyer on Partnership, sec. 374, and note; 2 Bates on Partnership, secs. 883, 949, 950.

*P. A. Turner, Smelzer & Mahaffey,* and *Sheppard & Jones,* for Inter-State National Bank of Texarkana.—The court erred in holding that the right of defendant to recover of the plaintiff the value of the lumber sued for herein in his cross-action against plaintiff was not settled and adjudicated in cause No. 3905 on the civil docket of the District Court of Bowie County, and that the plaintiff's plea of res adjudicata in this cause was not well taken. The decision of a court of competent jurisdiction is conclusive not only as to the subject matter determined, but as to every other matter which the parties might have litigated in the case and which they might have had decided. Nichols v. Dibrell, 61 Texas, 541; Cromwell v. County of Sac, 94 U. S., 351.

BROWN, ASSOCIATE JUSTICE.—The Inter-State National Bank of Texarkana sued P. T. Norwood in the District Court of Bowie County to recover certain lumber, and, at the same time, sued out a writ of sequestration, causing the lumber to be seized by the sheriff. Norwood did not replevy the lumber, but the bank gave a replevy bond according to law and took it into its custody and has never returned it to Norwood. At the trial of that case the court entered judgment that the bank take nothing by its suit, but did not assess the value of the lumber. Norwood executed and delivered to the Inter-State National Bank two notes, one for $4200 and the other for $4542.88. The bank went into voluntary liquidation, and, according to law, selected R. L. Dalby as liquidating

agent, who placed the notes of Norwood in the hands of an attorney for collection, and suit was brought upon them in the District Court of Bowie County. By consent of the plaintiff, Norwood was allowed to plead in reconvention in that suit for the value of the lumber taken from him by sequestration in the former suit.

Upon a trial without a jury, the court found in favor of the bank the amount of the notes, with interest, less certain credits to which Norwood was entitled, and 10 per cent as attorney's fees, and found in favor of Norwood the value of the lumber at the time it was taken under sequestration in the former suit, with 6 per cent interest from that date. The bank pleaded that the former suit was a bar to the plea in reconvention upon the claim made by Norwood for the lumber, but the court overruled the plea and deducted the value of the lumber, with interest, from the amount found to be due upon the notes, and entered judgment in favor of the bank for the difference, from which judgment appeal was taken by Norwood to the Court of Civil Appeals, the bank assigning errors also. The Court of Civil Appeals affirmed the judgment of the District Court, except that it held that the value of the property at the time of the trial in the former suit, with 6 per cent interest from that date, was the measure of damages, and so reformed the judgment of the District Court. Each party applied for a writ of error, which was granted to both.

The judgment rendered in the first suit between these parties constituted no bar to the right of Norwood to recover from the bank the value of the lumber converted by it.

Under the facts found by the court, the bank in liquidation could maintain this suit upon the notes against Norwood and recover attorney's fees upon so much of the notes as was unpaid when placed in the hands of counsel. The claim of Norwood against the bank for damages on account of the conversion of his lumber did not operate to extinguish the notes pro tanto.

Norwood did not seek relief upon the replevy bond, but brought this action against the bank, independent of the bond, for damages occasioned by the seizure and conversion of his property. Portier v. Fernandez, 35 Texas, 535.

In the case of Watts v. Overstreet, 78 Texas, 578, plaintiff sought to foreclose a lien upon sheep which were sequestered by plaintiff and replevied by the defendant. Plaintiff had a right to judgment against the defendant for the debt and a foreclosure of the lien upon the sheep, also judgment upon the replevy bond for the value of the property at that time. If surrendered, the property would have been sold to satisfy the judgment, which was all the plaintiff had a right to demand of the sureties: if not surrendered, plaintiff would get its then value, presumably as much as would have been derived from the sale.

In the first case between these parties plaintiff sued to recover property then in defendant's possession, suing out a writ of sequestration under which it was seized, the plaintiff taking it by replevy bond. Plaintiff

failed in that suit. The value at the time of seizure, with interest, would compensate defendant—that was what he lost—but the value at the trial would not do so, because he would lose the use of it between the two dates. In this case the value of the lumber at the date of seizure and at the trial was the same, and the loss to Norwood is only the interest for the intervening time, but there might be a great depreciation in the value of property during the pendency of litigation.

There is no reason for applying a different rule to ascertain the damages in case of conversion of property by seizure under writ of attachment to that applied when the seizure is made by writ of sequestration. In both cases, if unlawful, the property is taken from the owner and applied to the use of the wrongdoer, and the damage must of necessity be the same. The value of the lumber at the time and place the seizure was made, with 6 per cent interest from that date, was a proper measure of damages in this case. Weaver v. Ashcroft, 50 Texas, 427; Blum v. Thomas, 60 Texas, 158; Willis v. Lowry, 66 Texas, 540.

The Court of Civil Appeals erred in reforming the judgment of the District Court so as to give interest from the date of the trial of the former suit instead of from the date of the seizure of the lumber. It is therefore ordered that the judgment of the Court of Civil Appeals be reversed and the judgment of the District Court be affirmed.

*Judgment of Court of Civil Appeals reversed.*
*Judgment of District Court affirmed.*