## HILL v. PATTERSON. (No. 5684.)

(Court of Civil Appeals of Texas. Austin. Nov. 8, 1916. Rehearing Denied Jan. 24, 1917.)

DISMISSAL AND NONSUIT $\Longleftrightarrow$19(1)—DISMISSAL IN VACATION.

Rev. St. art. 1898, provides that plaintiff may dismiss his suit in vacation upon the payment of all costs if defendant has not answered. Article 1899 provides that plaintiff may be allowed to discontinue his suit as to one or more defendants when such discontinuance will not work to the injury of the other defendants. Article 1955 permits taking of nonsuit at trial, but it shall not prejudice the rights of the adverse party. Article 1900 provides that if the defendant has filed a counterclaim, before discontinuance by plaintiff, defendant may proceed to trial on such counterclaim. Article 7111 provides that, where a sequestration case is decided against plaintiff, defendant is entitled to judgment on the replevy bond, no answer being required. Held, that though plaintiff in sequestration, after obtaining the property, dismissed the suit during vacation, defendant was entitled to have all the issues settled and to proceed for affirmative relief in the original suit, though he filed no answer.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 33; Dec. Dig. $\Longleftrightarrow$19(1).]

Appeal from Coke County Court; S. B. Kemp, Judge.

Suit by T. S. Hill against M. Patterson. Judgment for defendant on a replevy bond, after dismissal of the case in vacation, plaintiff's motion for new trial overruled, and plaintiff appeals. Affirmed.

Lee Upton, of San Angelo, for appellant. Arnold & Patterson, of Robert Lee, and Thomas & McCarty, of San Angelo, for appellee.

### Findings of Fact.

JENKINS, J. On June 23, 1915, appellant brought suit in the county court of Coke county against appellee to recover certain horses and mules, of the alleged value of $485, and sued out a writ of sequestration, which was levied upon said animals. The appellee having failed to replevy same within the time required by law, the appellant filed his replevy bond, and the animals were delivered to him. Afterwards, in vacation, and before appellee had filed any answer, appellant paid all costs in the suit and dismissed the same. Thereafter, on October 4, 1915, the said court convened, and on the 5th day of October, 1915, appellee filed a motion to substitute said replevy bond, the same having been lost, and asked for judgment thereon. The bondsmen were given notice of this motion, and the same was set down for hearing on October 31st, on which day said motion was heard, the bond was substituted, and appellee was given judgment thereon for the sum of $450. Neither the appellant nor the bondsmen appeared in said cause until two days after said judgment was entered, when appellant filed a motion for a new trial, which was overruled.

### Opinion.

It is the contention of the appellant that the court erred in rendering judgment on the sequestration bond, for the reason that, appellant having dismissed his suit in vacation, there was no suit pending in which the court could enter judgment. There can be no doubt as to the right of a plaintiff to dismiss his suit in vacation, upon the payment of all costs, if the defendant has not answered, as the statute so provides. R. S. art. 1898. It is equally as clear that he may dismiss his suit when court is in session, but such discontinuance will not be permitted to work to the injury of the defendant. R. S. arts. 1899, 1955. If the defendant had filed an answer before the plaintiff dismissed his suit, and had asked affirmative relief against plaintiff, the case would have proceeded to trial on such answer. R. S. art. 1900; Smith v. Wilson, 18 Tex. Civ. App. 24, 44 S. W. 556; French v. Groesbeck, 8 Tex. Civ. App. 19, 27 S. W. 43; Short v. Hepburn, 89 Tex. 622, 35 S. W. 1056.

In the instant case the defendant had filed no answer. But it was not necessary, in order to obtain affirmative relief, that he should at any time have filed an answer asking such relief. If the case had been tried without being dismissed by plaintiff, and had been decided against him, the defendant would have been entitled to judgment on the replevy bond without filing any answer asking therefor, or in any wise referring thereto. R. S. art. 7111; Wandelohr v. Bank, 106 S. W. 413; Tyson v. Bank, 154 S. W. 1055. In other words, the law files such plea, or makes such issue in the defendant's behalf, and enters an appearance for the bondsmen thereto without any cross-bill or plea in reconven-

tion being filed by the defendant or citation being issued to the bondsmen.

It is true, as suggested by appellant, that appellee might have treated the suit against him as abandoned, and have brought suit against the appellant and his sureties on the sequestration bond. But nothing could have been accomplished in such suit that could not as well have been accomplished in the suit already brought. It would at least have in-volved delay until the next term of court; and, in the meantime, it might have happened in this case, or in any case, that the plain-tiff had moved out of the county, and that the bondsmen might be nonresidents, in which case the defendant would have to seek relief in some county other than that of his resi-dence. It is certainly the spirit of the law that all of the issues in a sequestration suit should be settled in the original suit. To permit a party to acquire possession of prop-erty by a writ of sequestration, and then to dismiss his suit, thereby confessing that it should not have been brought, and to retain the property and not permit the defendant to recover his damages in such suit, would, we think, be an abuse of process.

We do not think the trial court erred in rendering judgment for appellee (Morris v. Anderson, 152 S. W. 677), and we, therefore, affirm said judgment.

Affirmed.