MYRICK et al. v. FUTCH et al.    (No. 5971.)

(Court of Civil Appeals of Texas. Austin. Nov. 6, 1918. On Motion for Rehearing, Dec. 11, 1918.)

On Motion for Rehearing.

1. SEQUESTRATION ⚖⟿20—ACTION ON REPLEVIN BOND — SHOWING OF TITLE TO PROPERTY.

Defendants, in suit for title and possession of property seeking judgment against plaintiff and sureties on replevin bond conditioned to have property forthcoming to abide decision of court and filed after he procured issuance and levy of writ of sequestration, did not need to show they were owners of the property sequestered, where evidence showed it was taken from their possession and had not been returned.

2. SEQUESTRATION ⚖⟿16—DISMISSAL OF SUIT BY PLAINTIFF — JUDGMENT ON REPLEVIN BOND.

Where plaintiff dismisses suit for title and possession of property, he fails to establish his right thereto, and judgment necessarily must be in favor of defendants against him and the sureties on his replevin bond filed after issuance and levy of writ of sequestration.

---

⚖⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, McLennan County; Geo. N. Denton, Judge.

Suit by Storey Myrick against J. J. Futch and others. From judgment for defendants against them, plaintiff and the sureties on his replevin bond, filed after he procured issuance and levy of writ of sequestration, appeal. Affirmed.

Tom M. Hamilton and S. J. T. Smith, both of Waco, for appellants.

W. L. Eason, of Waco, for appellees.

### Findings of Fact.

JENKINS, J. The appellant Myrick sued the appellees for the title and possession of 936 bushels of cotton seed. This suit was instituted on February 14, 1917. At the time the suit was instituted, the appellant Myrick procured the issuance and levy of a writ of sequestration. The appellees failed to replevy within the 10 days allowed them, and, immediately after the expiration of the 10 days, the appellant Myrick filed a replevin bond with the sheriff. This replevin bond is dated February 26, 1917. The officer's return shows that the cotton seed were delivered to appellant Myrick when the replevin bond was approved. All of these proceedings were had at the January term of court. The terms of court convene on the first Mondays in January, April, July, and October in each year, and may continue in session until the business is disposed of. Hence the appellees were not called on to answer until the April term of court. After obtaining possession of the cotton seed and before appearance day, the appellant Myrick caused an order of dismissal to be entered, which order is dated March 15th. The appellees McAnally and Wells answered on March 29th. The appellee Futch answered on April 2d. Appearance day was April 3d. The case was regularly called on appearance day, and was set for trial on May 11th. On this date, the appellees appeared and announced ready for trial, and the attorney for the appellant Myrick appeared in court, but declined to announce ready for trial, and stated to the court that plaintiffs' case had been dismissed, and that he appeared only for the purpose of backing up the order of dismissal, and, in that connection, declined to ask the court for a reinstatement of the case. The trial court judicially found that the appellant Myrick did not desire to further prosecute his suit. The case was regularly tried and resulted in a judgment for the appellees for the sum of $1,500.

### Opinion.

We affirm the judgment of the trial court herein on authority of Blum v. Gaines, 57 Tex. 139, and Hill v. Patterson, 191 S. W. 621, and authorities there cited.

Affirmed.

### On Motion for Rehearing.

[1] Appellants in their motion for a rehearing insist that we erred in affirming the judgment of the trial court, for the reason that appellees did not show that they were the owners of the property sequestered. This was not necessary. The evidence shows that it was taken from their possession and had not been returned. Appellants' replevin bond was conditioned that they would have the property "forthcoming to abide the decision of the court."

[2] Where the plaintiff dismisses his suit, he fails to establish his right to the property sued for, and therefore, necessarily, the judgment must be against him. For a full discussion of this subject, see Morris v. Anderson, 152 S. W. 677. See, also, Coward v. Sutfin, 185 S. W. 378, and Wandelohr v. Bank, 106 S. W. 415.

Motion for rehearing is overruled.

Motion overruled.