### E. H. BRUYERE CONST. CO. v. BEWLEY.
### (No. 6509.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 16, 1921. Rehearing Denied March 30, 1921.)

Sequestration ⬤⟞20—On plaintiff's dismissal suit is "decided against the plaintiff" as concerns liability on bond.

Where plaintiff in sequestration replevied and took possession of the property and, before defendant had answered or was required to answer, dismissed the suit and paid the costs under Rev. St. art. 1898, the defendant, on seasonably filing answer, was entitled, notwithstanding plaintiff's dismissal of his suit, to proceed with his side of the case and to recover on replevin bond without the right on the part of the plaintiff to have the order of dismissal set aside and to prove its title to and possession of the property at the time of seizure; the suit, by reason of such dismissal, having been "decided against the plaintiff" within article 7111, entitling defendant to judgment on replevin bond where sequestration case is "decided against the plaintiff."

Appeal from District Court, McLennan County; Jas. P. Alexander, Judge.

Suit by the E. H. Bruyere Construction Company against Walter Bewley. Judgment for defendant, and plaintiff appeals. Affirmed.

Spell, Naman & Penland, of Waco, for appellant.

Taylor & Hale, of Waco, for appellee.

SMITH, J. Appellant, the E. H. Bruyere Construction Company, brought suit against appellee, Walter Bewley, to recover certain personal property, valued at $297, and, in connection therewith, sued out a writ of sequestration, which was duly executed. Subsequently, and upon the failure of appellee to do so, appellant replevied and took possession of the property, and, at the same term of court, but before appellee answered or was required to answer, appellant dismissed its suit and paid the costs, as provided for in article 1898, R. S. At the next term of court appellee seasonably filed his answer, had the case called, and asked for judgment. At this juncture appellant filed a motion to set aside the prior order of dismissal and to reinstate the case, to the end that the issues between the parties might be determin-

ed by the court, alleging as grounds for the motion that the case had been "inadvertently dismissed in the belief that defendant (appellee) admitted plaintiff's (appellant's) right to the property sequestrated * * * and that defendant did not wish to present any defense to plaintiff's cause of action." The court denied this motion upon the stated ground that the order of dismissal having been entered at a prior term of court, it was "without power, right or jurisdiction" to set the order aside, and "had no further jurisdiction in said cause than to render judgment" for appellee upon the replevin bond. Appellant then offered testimony to show that at the time of the service of the writ of sequestration it had title to and possession of the property in dispute, but the court excluded this testimony upon the ground that, appellant's branch of the suit having been dismissed at a prior term, the court could not hear any evidence with reference to the right of the plaintiff (appellant) to the title and possession of said property, at the time of the issuance and levy of the writ of sequestration, and that it had the power only to hear evidence as to the value of the property seized under the sequestration writ, and to render judgment against the plaintiff and the sureties on the replevin bond." The court then proceeded to hear evidence of the value of the property, and rendered judgment for appellee for $300.

Appellant complains that the trial court erred in refusing to set aside the order of dismissal and in refusing to allow appellant to prove title to and possession of the property at the time of its seizure.

Appellee takes the position that when appellant availed itself of the right given any plaintiff by article 1898 to dismiss his case at any time prior to answer by a defendant, the order entered in response thereto operated as a "decision against the plaintiff" as contemplated in article 7111, and that appellant, as the plaintiff, was thereby precluded from thereafter asserting in that suit any right, privilege, or property given him by law as an original plaintiff in the suit, but that the entry of the order of dismissal had no effect whatever upon the right of appellee, as the defendant, to proceed with his part of the case and assert the rights peculiar to a defendant in a sequestration proceeding, which cannot be prejudiced by the acts of the plaintiff in such proceeding abandoning his right of affirmative relief.

The position of appellee seems very clearly supported by the authorities. Hill v. Patterson, 191 S. W. 621; Brooks v. Taylor, 214 S. W. 361. Accordingly, we overrule all of appellant's assignments of error, and affirm the judgment of the lower court.

Affirmed.