**BRUYERE CONST. CO. et al. v. BEWLEY et al. (No. 35.) ***

(Court of Civil Appeals of Texas. Waco. Dec. 20, 1923. Rehearing Denied Feb. 7, 1924.)

**1. Sequestration ⬥⟿20—Judgment on replevin bond must be given where plaintiff dismisses without returning property replevied.**

Where, in sequestration proceedings, plaintiff replevies the property under bond, and before trial dismisses the suit, but fails to return the property, final judgment must be rendered against the obligors on the replevin bond for the value of the property, in view of Rev. St. arts. 7107 and 7111.

**2. Sequestration ⬥⟿17—Recital in judgment that title was not adjudicated held not to invalidate it.**

Recitals in a judgment in a sequestration suit after dismissal by plaintiff, providing for the return of the property within 10 days, that such judgment should not in any wise be deemed an adjudication of the rights of plaintiff to the title or possession of plaintiff to the property, *held* not to invalidate the judgment.

**3. Sequestration ⬥⟿20—Title to property replevied held to pass if not returned within 10 days after judgment on bond becomes final.**

Where, in sequestration proceedings, the property has been replevied by plaintiff, and the suit thereafter dismissed, title thereto passes to plaintiff at the expiration of 10 days after judgment on the bond has become final, and plaintiff has failed to return the property.

Appeal from District Court, McLennan County; H. M. Richey, Judge. .

Action by the Bruyere Construction Company and others against Walter Bewley and others. Judgment for defendants, and plaintiffs appeals. Affirmed.

See, also, 229 S. W. 610.

Spell, Naman & Penland, of. Waco, for appellants.

Taylor & Hale, of Waco, for appellees.

SPIVEY, J. This is an appeal from the district court of McLennan county from a judgment refusing to grant to appellants a temporary injunction restraining appellee Bewley and the sheriff of McLennan county from enforcing a judgment theretofore obtained by appellee Bewley against the construction company and the sureties on its replevin bond for the value of certain personal property previously seized under writ of sequestration, in a certain suit filed in the county court of McLennan county by the construction company against Bewley.

It appears from appellant's petition herein, and from the statement of the case as made by appellants and consented to by appellees, that in 1919 the construction company filed a suit against Walter Bewley in the county court of McLennan county for the title and possession of certain tent floors, and at the same time caused a writ of sequestration to be issued and the tent floors seized thereunder. At the expiration of 15 days, the defendant not having replevied, the construction company did so, giving a replevin bond, which we assume was in statutory form, as it is not questioned, and which was conditioned for the forthcoming of the property to abide the decision of the court, in accordance with article 7110 of the Revised Statutes.

Before defendant answered, the suit was dismissed by the court on motion of plaintiff, who paid all costs. At the next term of the court appellee Bewley, defendant therein, appeared in court, and asked judgment upon the replevin bond for the value of the articles sequestered. Appellant construction company also appeared, and asked that its suit be reinstated, and that the court hear testimony as to ownership and right of

<hr>

⬥⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error refused March 19, 1924.

possession, and that the court determine these two issues. These requests of the construction company were by the court refused, and the court thereupon heard the evidence as to value of the property, and thereon rendered judgment for the defendant Bewley for the value of the property at the date of such judgment, and also provided that the property might be returned within 10 days, if in good condition, in satisfaction of the judgment. This judgment contained the following provision:

"It is further ordered, adjudged, and decreed by the court that this judgment is not in any wise to be deemed an adjudication of the right of the plaintiff to the title or possession of the property sequestered at the time of the seizure or at this time."

The construction company and its bondsmen appealed from said judgment of the county court, and it was affirmed (Bruyere Construction Co. v. Bewley [Tex. Civ. App.] 229 S. W. 610); the effect of which said affirmance was that the trial court, under the circumstances, did not err in refusing to allow plaintiff to reinstate its suit and introduce evidence upon title and right of possession. Hence that issue is not before us.

But appellants now contend that, notwithstanding the county court stated in its judgment that it did not adjudicate the issue of title and right of possession, necessarily it must have done so, and in fact did so, as otherwise there was no basis for its judgment awarding damages to defendant in the value of the property; and from this deduction, and from the fact that the judgment recited that it did not adjudicate the issues of title and possession, appellants contend that the judgment is confusing, contradictory, and void, and nonenforceable. And, as a corollary to the above contention, they contend that, since the county court in effect did adjudicate title and right of possession, such judgment is void for lack of pleadings to support it, the construction company not having been allowed to reinstate its case and thereby plead and prove its title and right of possession.

Article 7111 of the statute provides that, in case the suit is decided against the plaintiff, final judgment shall be rendered against all the obligors in such bond, jointly and severally, for the value of the property replevied; and, in effect, when read in connection with article 7107, that the judgment may be satisfied by return of the property to the officer in a certain condition and within a certain time. Hence, under the statute, the defendant in the county court had the right, upon plaintiff's suit being dismissed and upon making the necessary proof, to ask judgmet in his favor for the value of the property as of the date of such trial, and this is so regardless of whether he has filed any pleadings for that purpose or not. Hill v.

Patterson (Tex. Civ. App.) 191 S. W. 621, and authorities cited. At the date of that hearing the plaintiff had lost his suit in the sense and to the extent that, by dismissal, certain rights arose in favor of defendant which were enforceable because plaintiff then had no contest pending against defendant upon title and right of possession, and in the sense and to the extent that, when the plaintiff in the county court dismissed its suit, it had decided that particular suit against itself. But this was not an adjudication upon title or right of possession, only in a qualified sense; it was an admission either that he had no title nor right of possession, or that he could not or did not desire to then further press same, and his act withdrew those issues from the consideration of the court so far as the plaintiff could do so without disregard of the rights of defendant under the statute. No one, we think, would seriously contend that plaintiff could not have again filed a similar suit without fear of successful plea of res adjudicata; and, if this is true, then the issues of title and right of possession were not adjudicated.

But it is contended that, having given a replevin bond, and having taken the property from the possession of the defendant, the plaintiff could not withdraw this issue to the prejudice of defendant, and that necessarily the court had to determine it in determining to award damages to the defendant. It would be inequitable to allow a plaintiff to use the process of the court to gain possession of property and then allow him to dismiss his suit and retain such possession without remedy in favor of defendant; but such remedy is provided by statute, under which defendant may ask and obtain judgment, not for title and possession, but for the value of the property.

[1] Likewise it would be inequitable and contrary to law to render judgment against a party who has withdrawn his complaint from the consideration of the court so far as he is concerned. The articles of the statute relating to sequestration undertake, and, we think, do, remedy these possible wrongs. The plaintiff by his sequestration suit states that he is the owner of certain property, and is entitled to the possession of it, and, upon giving bond to cover damages, he invokes the process of the court to gain possession of such property pending the suit. It is taken from the possession of the defendant, and is held by the court or its officers, unless one party or the other should replevy. The plaintiff does so upon giving bond for the forthcoming of the property to abide the decision of the court. He then dismisses, but does not return the property. The statute here provides that, in case the suit is decided against the plaintiff, final judgment shall be rendered against the obligors on the replevin bond for the value of the property, and at the same time it permits

the plaintiff to return the property in a specified condition and within a certain time in satisfaction of the money judgment thus rendered; and it is held that by the act of dismissal the plaintiff has in effect and as applied to the facts in the instant case decided the particular suit against himself. Brooks v. Taylor (Tex. Civ. App.) 214 S. W. 361. So that it thereupon became proper for the court to render judgment on the bond upon request to do so. If these various acts, and particularly the act of the court in rendering judgment for the value of the property, involved an adjudication upon title or right of possession, it must be held, also, that this is for a limited purpose and to a limited extent, that of placing the parties in statu quo as near as may be, on the failure of the plaintiff to restore. Likewise here no one, we think, would seriously contend that such judgment for money against the replevying plaintiff, and with right in him to return the property, would preclude him from again filing similar suit and successfully maintaining it as against such plaintiff. The court has the right to assume that the property was taken from the possession of the defendant, and its only purpose in giving damages to the defendant is to place such defendant as near as may be in the same position as before the seizure.

[2] We do not think that, because the judgment recited that it was not an adjudication upon title and right of possession, it is either confusing or contradictory or void, but think it was proper for the court to so recite.

[3] In the case of conversion of personal property, it is held that title does not pass to the tort-feasor until after adverse judgment, and he has discharged it by payment, and that title then vests as of the date of the conversion. Greer v. Lafayette County Bank (Tex. Civ. App.) 47 S. W. 737; Smith v. So Rill (Tex. Civ. App.) 54 S. W. 38; Clark v. Cullen (Tenn. Ch. App.) 44 S. W. 204. We think the same rule is applicable here in principle, with the qualification, however, that title would and did pass at the expiration of 10 days after the judgment on the bond had become final, and the plaintiff had failed to return the property within that time.

We find no error in the judgment and it is affirmed.