## WAKEFIELD v. QUEISSER et al.
### (No. 2800.)

Court of Civil Appeals of Texas. Amarillo.
March 30, 1927.

Rehearing Denied April 27, 1927.

1. **Sequestration ⚖20—Failure to enter judgment on voluntary dismissal of suit in which defendant's car was taken under writ of sequestration did not preclude his action for damages on replevin bond (Rev. St. 1925, arts. 6856, 6857).**

Failure of court to enter judgment, on voluntary dismissal of suit to foreclose lien on automobile in which writ of sequestration was issued and car was replevied by plaintiff under Rev. St. 1925, art. 6856, did not preclude defendant from maintaining independent action for damages on replevin bond under article 6857.

2. **Chattel mortgages ⚖279—Mortgagee, having taken automobile under writ of sequestration and dismissed case without returning car, cannot avail himself of provision in mortgage for repossession, as defense to mortgagor's action for damages.**

Mortgagee of automobile, who after writ of sequestration issued took possession of car, giving replevy bond, and did not prosecute suit to final determination, but dismissed case without returning car, *held* to have failed to exercise good faith required to avail himself in mortgagor's action for damages of provision in mortgage authorizing him to take possession of car.

3. **Judgment ⚖570(3)—Judgment on voluntary dismissal is not bar to subsequent suit.**

Judgment on voluntary dismissal of action is not bar to subsequent suit on same cause of action.

4. **Chattel mortgages ⚖279—Where mortgagee of automobile having taken possession in suit to foreclose dismissed suit without returning car, mortgagor may recover difference between amount of notes and value of car.**

Where mortgagee of automobile took possession by giving replevy bond after writ of sequestration issued in suit to foreclose lien, and then dismissed case without returning car, mortgagor *held* entitled at least to recover difference between amount of notes and interest and agreed value of car.

### On Motion for Rehearing.

5. **Chattel mortgages ⚖279—Mortgagee of automobile must exercise good faith in prosecuting action to foreclose lien after taking possession under writ of sequestration, notwithstanding repossession clause in mortgage (Rev. St. 1925, arts. 6856, 6857).**

Mortgagee of automobile *held* required to exercise good faith in prosecuting action to foreclose lien, where he had possession of property through writ of sequestration, notwithstanding that mortgage authorized repossession, in view of Rev. St. 1925, arts. 6856, 6857, since law became part of contract.

6. **Contracts ⚖167—Law of place of execution is part of contract.**

Law of place where contract is entered, at time of making it, is as much part of contract as though it were expressed or referred to therein.

Appeal from District Court, Wichita County; Guy Rogers, Judge.

Action by C. Wakefield against Frank Queisser and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

J. R. Wilson, of Wichita Falls, for appellant.

Raymond M. Myers, of Wichita Falls, for appellees.

JACKSON, J. This suit was instituted in the district court of Wichita county, Tex., on November 2, 1925, by the appellant, C. Wakefield, against the appellees, Frank Queisser, doing business under the trade-name of Overland Motor Company, and the Standard Accident Insurance Company, a corporation, seeking to recover actual and exemplary damages, aggregating the sum of $2,980.

The appellant pleaded: That about the 12th of May, 1925, Frank Queisser sued him in the district court of Wichita county, Tex., for the sum of $1,122, evidenced by notes and secured by a chattel mortgage on one Willys-Knight touring automobile, and caused a writ of sequestration to be issued under which the automobile was seized by the sheriff of Archer county. That on June 14th thereafter, Frank Queisser gave his replevy bond, with the Standard Accident Insurance Company as surety thereon, under which possession of the automobile was delivered to him. That in the replevy bond the value of the car was fixed at $1,400. Appellant was duly cited to appear and answer the suit at the July term, 1925, but at said term Frank Queisser dismissed and abandoned said suit and failed and refused to return to appellant possession of the automobile. That on account of the dismissal, said suit was decided against Frank Queisser, and the appellees became bound to pay him the value of the car, $1,400, together with a reasonable rental therefor, which he says is $5 per day. He also alleged that Frank Queisser was not, at the time of the institution of the suit, or at any time thereafter, entitled to the possession of said car, nor was he the owner of the indebtedness sued on; that the writ of sequestration was issued wrongfully, maliciously, and without cause, and asked exemplary damages in the sum of $750.

The defendant answered by general demurrer, special exceptions, general denial, and pleaded: If error was made in the execution of the notes such error was mutual and

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

innocently made, and within a reasonable time was corrected. That the appellant, co-incident with the execution of the notes, executed and delivered to Frank Queisser a mortgage upon the automobile to secure the payment thereof, which, among other things, provided that in the event default was made in the payment of the notes, or any part thereof, when due, all of said notes, together with interest, at the option of the mortgagee, should become due and payable without notice to the mortgagor, and the mortgagees, their heirs and assigns, should thereupon have the right to take immediate possession of the automobile wherever found by any agent of their selection, enter upon the premises, with or without process of law, and remove the property, if found, without liability as trespassers. That at the time of the seizure of said car, the mortgage was in full force, the indebtedness secured thereby was past due and unpaid, and Frank Queisser was entitled to take possession of said car without legal process. That he held in his possession the automobile until the same was delivered to the sheriff of Wichita county, who demanded possession by virtue of a writ of sequestration issued out of the district court of Dallas county, Tex.

The case was tried before the court without the intervention of a jury, and judgment rendered that the appellant take nothing by his suit and the appellees go hence without day with their costs, from which action and judgment of the court the appellant prosecutes this appeal.

The record discloses that on May 11, 1925, Frank Queisser, doing business under the trade-name of Overland Motor Company, filed suit in the district court of Wichita county, Tex., against C. Wakefield, for $1,169, with interest and attorney's fees thereon, and to foreclose the lien on the automobile involved in this controversy to secure said indebtedness; that on the same day a writ of sequestration was issued and the automobile seized by the sheriff of Archer county, and on or about May 20, 1925, it was replevied by Frank Queisser on his bond, with the Standard Accident Insurance Company as surety; that on July 15th, thereafter, Frank Queisser dismissed said suit but failed to return the automobile to the appellant; that on said 15th day of July, the indebtedness was transferred and assigned to Myer & Keiser, of Dallas, Tex., who, on the same day, instituted suit against the appellant in the district court of Dallas county and had a writ of sequestration issued and the car seized by the sheriff of Wichita county on July 16, 1925, while it was in the possession of Frank Queisser at Wichita Falls; that at the time of the purchase of the automobile by appellant he executed and delivered the notes and the chattel mortgage sued on, and at the time of the institution of the suit and the issuance of the sequestration in Wichita county, Tex., he had

293 S.W.—57

defaulted in the payment of at least one installment on the indebtedness secured by the mortgage; that the value of the car on the date of its sequestration under the writ sued out by Queisser was $1,400.

The mortgage provides that the mortgagor agrees that in the event he shall make default in the payment of the notes, or any part thereof, when due, or shall fail to comply with any of the stipulations therein, or if for any other reason the mortgagee or his assigns shall deem the security inadequate, that all the notes, together with the interest, shall, at the option of the mortgagee, become due and payable, and he shall have the right to take immediate possession of the automobile wherever found by any agent of his selection, and the right to enter upon the premises of the mortgagor, with or without process of law, and remove the car without in any wise or manner being liable as a trespasser; that he shall sell and dispose of the car at public or private sale to the highest bidder after having given ten days' notice of the time, place and sale by posting written or printed notices thereof, and the proceeds of the sale shall be applied to the payment of all costs and charges incidental to the seizure and sale, including reasonable attorney's fees, and the balance, if any, paid to the mortgagor.

The appellant challenges as error the action of the trial court in rendering judgment against him in this case because the institution of the original suit, issuance of the writ of sequestration, the replevy of the car and the decision in the original case against appellee by his voluntary dismissal thereof, and the failure thereafter to return the automobile to appellant, warranted a recovery of the damages against appellees.

Appellees reply that appellant is precluded from recovering damages: First, because he failed to take judgment in the original suit, out of which the writ of sequestration issued, and in which the replevy bond was given; and, second, because appellant can recover no damages for the seizure of the automobile for the reason that appellee Queisser, on default in the payment of the notes, or any part thereof, could take possession of the car by an agency he selected and sell the same at public or private sale.

[1] The failure of the court to enter judgment for appellant on the voluntary dismissal of the original suit by the proceedings in which the possession of the car was taken from appellant did not preclude him from maintaining an independent suit for his damages. Norwood v. Inter-State National Bank, 92 Tex. 268, 48 S. W. 3; Finegan v. Read, 8 Tex. Civ. App. 33, 27 S. W. 261; Hill v. Patterson (Tex. Civ. App.) 191 S. W. 621; Myrick v. Futch (Tex. Civ. App.) 206 S. W. 861.

Article 6856, R. C. S. 1925, provides that if the defendant in a sequestration suit fails to replevy the property, the plaintiff may re-

plevy the property by giving bond as the law requires and obtain possession thereof. Article 6857, R. C. S. 1925, stipulates:

"The bond provided for in the preceding article shall be returned with the writ, and in case the suit is decided against the plaintiff, final judgment shall be entered against all the obligors in such bond jointly and severally for the value of the property replevied, and for the value of the fruits, hire, revenue or rent thereof as the case may be," etc.

The voluntary dismissal of the case by appellee Queisser was a final judgment (Eddleman v. McGlathery, 74 Tex. 280, 11 S. W. 1100) ; and, having dismissed his suit, it was decided against him, and the appellant was entitled, under the statute, to a judgment against all the obligors on the replevy bond (Bruyere v. Bewley [Tex. Civ. App.] 258 S. W. 221; Id. [Tex. Civ. App.] 229 S. W. 610; Brooks v. Taylor [Tex. Civ. App.] 214 S. W. 361; Myrick v. Futch [Tex. Civ. App.] 206 S. W. 861; Hill v. Patterson [Tex. Civ. App.] 191 S. W. 621; Morris v. Anderson [Tex. Civ. App.] 152 S. W. 677).

The writ of sequestration is permitted by law if the grounds therefor exist, but:

"It was never intended that a party might use such process for the sole purpose of getting possession of property in the possession of and claimed by another. Good faith requires a party plaintiff, who obtains property through a writ of sequestration, to prosecute his suit to final determination, and if the same is determined against him, to restore it with the revenue and rent of the same to the party from whose possession the same was taken. The dismissal of the suit in this regard is equivalent to an abandonment of claim and required a restoration of the property." Blum v. Gaines, 57 Tex. 139; Finegan v. Read, 8 Tex. Civ. App. 33, 27 S. W. 261.

"Appellants also insist that the mortgage gave the appellant bank an absolute and unconditional right to determine at any time as to the insecurity of its debt, and if by it deemed insecure to take possession of the mortgaged property, and therefore by the exercise of said right they incurred no liability. The mortgage authorized appellants to declare the note due and to take charge of the cattle only upon the existence of certain facts. The right to do so must, as a matter of law, be exercised only upon good faith and upon reasonable grounds, and whether the act was in good faith and upon reasonable grounds was a question of fact for the jury. It would be a monstrous doctrine to say that simply because a lien holder was empowered by his mortgage when he elected his debt insecure or that the mortgagor was neglecting the property mortgaged, he could arbitrarily and not in good faith and without reasonable grounds prematurely declare the debt due and seize the debtor's property, much to his injury, and when called upon to recompense the owner for the wrongful act, foreclose the matter by saying, 'You gave me the right and I exercised it to suit myself.' Though held in some jurisdictions to be an arbitrary power to be exercised at the will of a lien holder, the sounder doctrine, supported by the great weight of authority, has never countenanced such highhanded dealings fraught with the possibilities and opportunities of injustice and oppression, but reads into all such contracts the provision that the exercise of such rights and powers must be in good faith and upon reasonable grounds. 11 C. J. § 254, p. 555." Cleveland State Bank v. Turner (Tex. Civ. App.) 278 S. W. 1107.

See, also, Poff v. Miller (Tex. Com. App.) 235 S. W. 570.

[2] Appellee Queisser instituted his suit, caused a writ of sequestration to issue, took the possession of the automobile from appellant thereunder, gave his replevy bond as the law required with the Standard Accident Insurance Company as his surety, and it was incumbent upon him "to prosecute his suit to final determination," and, if his suit was decided against him, to restore the automobile to appellant. This he failed to do, but instead dismissed the case, allowed a final judgment to be rendered against him, and on the same day transferred and assigned the notes and mortgage to Myer & Keiser and retained possession of the automobile until his assignees secured the possession thereof under court proceedings issued out of Dallas county, the result of which proceedings is not disclosed by this record. Therefore, in our opinion, he failed to exercise the good faith required of him in order to avail himself of the provision in his mortgage authorizing him to take possession of the car.

[3] Appellee, after the dismissal of his original suit, could have instituted another and independent suit to recover his debt and foreclose his mortgage, as his voluntary dismissal of the original suit would not have been res judicata against him, but the appellant's right to recover on the replevy bond given in the original suit was not affected by its dismissal by appellee Queisser. Jackson v. Guaranty, etc., Bank of Fort Worth (Tex. Civ. App.) 266 S. W. 831.

[4] If the foregoing conclusions are correct, the court committed reversible error in rendering judgment against the appellant. However, if we are not correct in the conclusions above announced, the judgment must be reversed for the reason that the record discloses that the original suit by appellee Queisser against the appellant was for $1,169, with interest and attorney's fees. By the voluntary dismissal of the suit, appellee Queisser abandoned his right to attorney's fees in said suit because he transferred the notes, with all rights thereunder, to Myer & Keiser. The $1,169, with interest thereon, at the time of the dismissal of the suit, could not have amounted to the value of the car, which it was agreed was $1,400. Hence, in any event the appellant was entitled to recover the difference between his notes and interest thereon and the agreed value of the car.

We have refrained from discussing the

testimony relative to the rental value of the car because of the disposition we have made of the case.

The judgment is reversed and the cause remanded.

### On Motion for Rehearing.

Appellees in their motion for rehearing reassert the proposition presented in their original brief that appellant is not entitled to maintain this suit for the reason that he failed to take judgment in the original sequestration suit instituted by the appellees against him. In addition to the authorities cited in the original opinion, which we think are decisive, we note Jacobs et al. v. Daugherty, 78 Tex. 682, 15 S. W. 160; Fidelity & Deposit Co. of Maryland v. Texas Land & Mortgage Co., Limited, 40 Tex. Civ. App. 489, 90 S. W. 197; Wilson et al. v. Dickey, 63 Tex. Civ. App. 155, 133 S. W. 437.

[5, 6] Appellees contend that although good faith requires a litigant, who obtains possession of property solely through a writ of sequestration, to prosecute his suit to judgment, or restore the property, that the question of good faith is not involved in this suit, for the reason that the mortgage authorized appellees upon default in the payment of their debt to take possession of the car by any agency they selected and sell the same at public or private sale. "The law of the place where the contract is entered into at the time of making the same is as much a part of the contract as though it were expressed or referred to therein." 13 C. J. 560, par. 523. See Trinity Portland Cement Co. v. Lion Bonding & Surety Co. (Tex. Com. App.) 229 S. W. 483; Southern Surety Co. v. Klein (Tex. Civ. App.) 278 S. W. 527.

Appellees were authorized under their contract to take possession of the automobile by writ of sequestration upon appellant's default in the payment of his notes, and when appellant failed in the time allowed him by law to replevy the automobile, appellees were authorized under the statute to give a replevy bond and take possession thereof. This they did, and in so doing they were within their rights under their contract.

However, after they elected to exercise their right to secure possession through the agency of the court, the law being a part of their contract, the duty to comply with the law was imposed upon them to the same extent as if it had been written in the contract that if they did secure possession of the automobile on default in the payment of the notes through the agency of the court, they would prosecute their suit to a final determination, and, if the suit was decided against them, they would restore the automobile to appellant; and when they permitted judgment to go against them, and failed to comply with the law, which was a part of their contract,

they failed to exercise good faith, and appellant was entitled to a judgment against all the obligors on the replevy bond for the value of the property and the revenue therefrom, and, such judgment not having been entered, he was entitled to institute and maintain this suit for such damages as he may have suffered, and in any event was entitled to nominal damages. 34 Cyc. 1606; Sabine Motor Co. v. W. C. English Auto. Co. (Tex. Com. App.) 291 S. W. 1088.

The motion is overruled.