## HOME SERVICE FINANCE CO. et al. v. WHITE.

### No. 8145.

Court of Civil Appeals of Texas. Austin.

Sept. 26, 1935.

Rehearing Denied Oct. 23, 1935.

Vernon Lemens and Yelderman & Yelderman, all of Austin, for appellants.

Jerome Sneed, Jr., of Austin, for appellee.

BAUGH, Justice.

This case arose as follows: On December 5, 1932, Coley C. White borrowed from the Home Service Finance Company, a corporation, the sum of $500, for which he executed his note for the sum of $599.55, payable in ten monthly installments of $59.95 each; and as security therefor gave a chattel mortgage on a Chrysler automobile. After payment of five monthly installments, White became delinquent in his payments, and under the provisions of the note and mortgage the Home Service Finance Company matured the balance, sued White on said note, secured the appointment on July 29, 1933, of J. H. Booth as receiver, who took possession of said automobile under order of the court. On August 25, 1933, the Home Service Finance Company made known to the court that Booth was disqualified to act as receiver, on which date the court appointed Johnnie Nimsky as receiver for such automobile. The automobile, however, remained in possession of Booth, who at the instance of the Home Service Finance Company, and without any orders of the court or the consent of White, had repairs made on said automobile to the extent of $48.23. On September 22, 1933, White filed contempt proceedings in said court against Booth, Nimsky, and A. M. McSwean, manager of Home Service Finance Company. Home Service Finance Company took possession of said automobile on September 20, 1933, and sold it at private sale, on September 25th, claiming authority to do so under its mortgage; and on the same day of the sale dismissed its suit against White, and the receivership proceeding.

This suit was thereupon filed by White against all of said parties and the sureties on the receivers' bonds for damages for conversion of his automobile. The defendant Home Service Finance Company, in addition to other defenses, asked, in case it be found guilty of conversion, to have White's debt to it set off against

such damages as might be found against it for conversion. The case was tried to a jury on special issues, in answer to which they found that the defendants were guilty of conversion in the taking possession of White's car on September 20, 1933; that said car at that time was worth $620; and that Home Service Finance Company had charged White usurious interest for the use of the money he had borrowed from it. The court thereupon rendered judgment in favor of White for $363.30, being the difference between the value of the converted automobile and the amount of the debt legally due by White to the Home Service Finance Company; hence this appeal.

■ The motion for a new trial contained in the transcript is not shown to have been presented to nor acted upon by the trial court. Assignments predicated thereon are therefore not entitled to consideration on appeal. Hunt v. Ziegler (Tex. Civ. App.) 271 S. W. 936, affirmed by Commission of Appeals, 280 S. W. 546; 3 Tex. Jur. § 172, p. 265.

■ Appellants' first contention, predicated upon their bill of exception, is that the only evidence as to market value of said car was improperly admitted because the witness was not shown to be qualified and was not familiar with the condition of said car at the time it was converted. This contention is not sustained. The witness had dealt in new and secondhand cars for many years. He had sold this particular car to White. While he did not know the condition of this particular car at the time inquired about, other evidence showing its condition on the date of the conversion, which condition was substantially reflected in the hypothetical question asked the witness, was clearly sufficient to admit his testimony on the issue of market value. His occupational knowledge derived from dealing in such articles was clearly sufficient to qualify the witness to testify. See 19 Tex. Jur. § 146, p. 228, and cases there cited.

■ Appellants next contend that because the mortgage authorized them to take possession of and sell said automobile at private sale, upon default of White in his payments on the note, he has no cause of action against them. This contention is not sustained. When the Home Service Finance Company invoked the processes of the court on the note and to seize and take from White his automobile, it elected its remedy to collect its debt. Any attempted exercise of the other method provided in the mortgage after suit was filed was inconsistent with the elected remedy of foreclosure. Having elected to foreclose, it should have prosecuted that remedy to completion. It had no authority, after having procured possession of said automobile through suit and a receiver, to either itself, or through the receiver, treat such property as its own, and so dispose of it at private sale. Its act in doing so amounted to a conversion of the property. Sabine Motor Co. v. W. C. English Auto Co. (Tex. Com. App.) 291 S. W. 1088; Wakefield v. Queisser (Tex. Civ. App.) 293 S. W. 896 (writ refused); American Mtg. Corporation v. Wyman (Tex. Civ. App.) 41 S.W.(2d) 270; Kelly v. R.-F Finance Corporation (Tex. Civ App.) 60 S.W.(2d) 1067.

■ Appellants also urge that the trial court erred in refusing to allow them as an offset the amount expended for repairs on the car while in possession of the receiver, the storage charges, and the costs paid by them in the original suit brought by Home Service Finance Company against White, and subsequently voluntarily dismissed by it. There was no error in this. The voluntary dismissal of said suit by plaintiff was tantamount to a judgment against it (Wakefield v. Queisser, supra), and an admission that the suit was not properly brought, and that the receivership was not properly procured. Any costs and expenses so incurred by Home Service Finance Company, or at its instance, were therefore, in effect, admittedly wrongfully incurred, and could not be charged against White. Had such expenses been authorized by the court to be incurred by the receiver, there might be grounds for appellants' contention. But no such authority was given the receiver, and no such expenses authorized by the court. On the contrary, such expenses were incurred by or at the instance of the Home Service Finance Company, which was without authority to incur them until it had legally obtained possession of the car and authority to repair and sell it.

Finding no error in the record, the judgment of the trial court is affirmed.