Davenport & Davenport, of San Angelo, for appellant.

Gray Browne, of Abilene, for appellees.

**BISHOP v. GENERAL MOTORS AC-CEPTANCE CORPORATION et al.**

**No. 9880.**

Court of Civil Appeals of Texas. Austin.

April 26, 1950.

Rehearing Denied May 17, 1950.

HUGHES, Justice.

This is a venue case in which appellant, Ray Bishop, sued appellees, General Motors Acceptance Corporation, a private corporation, and its agent H. L. Scallorn, residents of Taylor County, for damages for wrongfully suing out and levying a writ of sequestration. O. F. Moser was also a party defendant, but he is not concerned with the question of venue.

Trial without a jury resulted in an order sustaining the pleas of privilege.

Neither appellee has filed a brief.

Appellant relies upon Sub. 8, Art. 1995, Vernon's Ann.Civ. Stats., which provides

that a suit for damages resulting from the suing out of a writ of sequestration, or for levying any such writ, may be brought in any county where such levy was made in whole or in part.

Under this subdivision the burden was on appellant to prove, prima facie, that the writ of sequestration was wrongfully sued out or levied. Dallas Joint Stock Land Bank v. Lancaster, Tex.Civ. App., Waco, 91 S.W.2d 890.

In our opinion appellant discharged this burden.

The pleadings and evidence show:

That General Motors Acceptance Corporation sued appellant in the county court of Taylor County, on May 4, 1949,[1] on a promissory note and for foreclosure of a chattel mortgage, both executed by appellant, on a 1938 Chevrolet Sedan. The value of the car was alleged to be $400. Citation in this suit was served on appellant May 19th and on June 13th appellant filed his plea of privilege.

On May 4th a writ of sequestration was issued in the Taylor County suit, on the sworn application of Scallorn as agent for the corporation, commanding the officer to take possession of the Chevrolet Sedan. This writ was executed by the Sheriff of Tom Green County on the 19th of May, in San Angelo, Tom Green County, by taking possession of the car.

On July 15th General Motors Acceptance Corporation made an application to the County Court of Taylor County, in such suit, for authority to sell the car as perishable property. This authority was granted and on the 27th of July the car was sold by the Sheriff of Tom Green County to appellee corporation for $25.

On the 18th day of August the County Court of Taylor County, on the application of the plaintiff corporation, dismissed the suit against appellant.

The condition of the bond which General Motors Acceptance Corporation gave in the Taylor County suit in order to procure issuance of the writ of sequestration was that it would pay "all such damages as may be awarded against it, said plaintiff, and all costs, in case it shall be decided that such sequestration was wrongfully issued."

The above facts show, prima facie at least, that the writ was wrongfully issued. This is so because of the voluntary dismissal of the Taylor County suit by the corporation.

As early as 1882 Judge Stayton, in writing for the Supreme Court in the case of Blum v. Gaines, 57 Tex. 135, said, concerning a writ of sequestration:

"* * * It was never intended that a party might use such process for the sole purpose of getting possession of property in the possession of and claimed by another. Good faith requires a party plaintiff, who obtains property through a writ of sequestration, to prosecute his suit to final termination, and if the same is determined against him, to restore it with the revenue and rent of the same to the party from whose possession the same was taken.

"The dismissal of the suit in this regard was equivalent to an abandonment of claim and required a restoration of the property, and a failure to prosecute the suit, or, upon a voluntary dismissal thereof, to restore the property, was evidence the weight of which was for the determination of the jury in ascertaining whether the writ was sued out for a proper purpose. * * *

"It is true that the plaintiff had a clear legal right to dismiss the sequestration suit at any time before the defendant answered, upon payment of costs; but in such event the rights of the parties stood as though the suit had never been instituted, and the plaintiffs therein could not in good faith hold on to the property, possession of which they had obtained solely through process issued in the case."

In Hill v. Patterson, Tex.Civ.App., 191 S.W. 621, 622, this court said: "* * * To permit a party to acquire possession of property by a writ of sequestration, and

---

850

then to dismiss his suit, thereby confessing that it should not have been brought, and to retain the property and not permit the defendant to recover his damages in such suit, would, we think, be an abuse of process."

See also Bruyere Const. Co. v. Bewley, Tex.Civ.App., San Antonio, 229 S.W. 610; Id., Tex.Civ.App., Waco, 258 S.W. 221, Writ Ref.; Brooks v. Taylor, Tex.Civ. App., Austin, 214 S.W. 361, Writ Dis.; Jackson v. Guaranty State Bank of Fort Worth, Tex.Civ.App., Austin, 266 S.W. 831 and Wakefield v. Queisser, Tex.Civ. App., Amarillo, 293 S.W. 896, Writ Ref.

The pleas of privilege should have been overruled. It is therefore ordered that the judgment of the trial court be reversed and judgment is here rendered overruling appellees' pleas of privilege.

Reversed and rendered.