**AVANT et al. v. WALLACE, District Judge.**

No. 11924.

Court of Civil Appeals of Texas. San Antonio.

May 9, 1934.

Walter Stout, of San Antonio, for appellants.

Hertzberg & Kercheville, of San Antonio, for appellee.

MURRAY, Justice.

This is an application for a writ of mandamus against Hon. Lee Wallace, judge of the Thirty-Eighth judicial district of Texas, of which Uvalde county is a part. The mandamus is requested by F. J. Avant and Lex Stewart, for the purpose of requiring Hon. Lee Wallace, as judge of the district court of Uvalde county, to hear and determine certain issues in a certain cause pending in the district court of Uvalde county, styled West-Pyle Cattle Company, Plaintiff, v. Charles Owens et al., Defendants, and being cause No. 4830.

This cause was instituted in the district court of Uvalde county by West-Pyle Cattle Company, as plaintiff, against Charles Owens, Lex Stewart, and F. J. Avant. The suit was on a note and to foreclose a chattel mortgage on 330 head of cattle. Twenty-nine head of these cattle were alleged to be in the possession of Lex Stewart and F. J. Avant, in Frio county, Tex., who were asserting title to the cattle. A writ of sequestration was issued to the sheriff of Frio

542

county, and the cattle were seized and ultimately replevied by plaintiff.

Defendants Stewart and Avant filed pleas of privilege to be sued in Frio county. Plaintiff controverted these pleas, but did not have same set down for a hearing, nor serve defendants with notice of their controverting affidavits. Later, at the same term of court, plaintiff appeared, dismissed its suit as to defendants Stewart and Avant and took judgment against Owens for the amount due on the note and foreclosure of the chattel mortgage on the 330 head of cattle, including the 27 taken by writ of sequestration from the possession of Stewart and Avant.

At the next term of court Stewart and Avant appeared and attempted to secure a hearing upon their pleas of privilege and upon their cross-action for the unlawful taking of the 27 head of cattle from their possession. The trial court declined to give them a hearing on the theory that the judgment rendered at the former term of the court was a final judgment and could not be set aside in this manner at a subsequent term of the court. Stewart and Avant seek this mandamus to require the court to give them this hearing.

■ When plaintiff filed this suit, secured a writ of sequestration, had these 27 head of cattle seized thereunder, and afterwards secured the possession of the same by giving a replevy bond, the law, under such facts, files a cross-action for the defendants for the return of the cattle or for their value. If the plaintiff fails to establish his right to the cattle, then defendants are entitled to judgment on such cross-action whether they have filed any pleadings affirmatively asking for same or not. Hill v. Patterson (Tex. Civ. App.) 191 S. W. 621; Pecos & N. T. Ry. Co. et al. v. Epps & Matsler (Tex. Civ. App.) 117 S. W. 1012.

■ Plaintiff had a right to dismiss its cause of action against defendants, but did not have a right to dismiss defendants' cross-action which the law files for them.

■ Plaintiff's dismissal of its cause of action was an admission that same should never have been filed, that the writ of sequestration should never have been issued, and that the cattle were wrongfully taken from the possession of the defendants, and the defendants were clearly entitled to judgment against the plaintiff and the sureties on the replevy bond for the value of the 27 head of cattle.

■ The trial judge did not dispose of either the pleas of privilege or defendants' cross-action; therefore the judgment entered by him was nothing more than an interlocutory order. Havard v. Carter-Kelley Lumber Company (Tex. Civ. App.) 162 S. W. 922.

The defendants Stewart and Avant are entitled to have their pleas of privilege disposed of, and, if overruled, then to have their cross-action, which the law files for them, and which the plaintiff cannot dismiss, disposed of by the trial judge.

The petition for mandamus will be granted.