**Hairl PRICE, Appellant,**

v.

**The CITY OF HUGHES SPRINGS,**
**Texas, Appellee.**

No. 8142.

Court of Civil Appeals of Texas,
Texarkana.

Feb. 6, 1973.

Patricia Florence, Florence & Florence, Hughes Springs, for appellant.

Rick Harrison, Austin, for appellee.

CHADICK, Chief Justice.

In October, 1971, the City of Hughes Springs, Texas, sued its former police chief, Hairl Price, to recover possession of an automobile, and for alternative relief. In an ancillary proceeding the City posted a bond authorized by Tex.R.Civ.P. 698 and caused a writ of sequestration to issue. The return on the writ showed it was executed by the sheriff taking possession of the vehicle described in the writ. Neither Price nor the City replevied the automobile.

An original answer containing a general denial only was filed by Price on October 21, 1971. On January 27, 1972, the City by written motion moved that its suit against Price be "dismissed without prejudice to the refiling of the same." The next day legal counsel for Price filed a response to the City's motion to dismiss, praying that the City's motion be denied, or in the alternative, that on dismissal, possession of the automobile be awarded to Price. The same day, January 26, 1972, a judgment was entered dismissing the City's suit without prejudice to reinstitution.

Five days after dismissal of the City's suit, Price filed a motion for judgment on the Rule 698 sequestration bond theretofore filed by the City. The motion alleged that possession of the sequestered automobile had not been restored to Hairl Price; that by voluntarily taking a nonsuit, the City confessed that its cause of action was without merit and that the sequestration writ was wrongfully issued, as well as alleging that failure to prosecute the City's cause of action to a final determination without restoring the status quo was an oppressive use of the writ of sequestration and an abuse of process. A copy of the motion for judgment was served upon legal counsel for the City by certified mail.

The City's answer to the motion for judgment on the sequestration bond, filed February 4, 1972, contained as its first ground of defense a plea to the jurisdiction of the court, pleading that Price's motion could not be considered as the case had been dismissed.

A hearing on the Price motion for judgment was held April 3, 1972. Thereafter, the following order was entered by the presiding judge on August 7, 1972, to-wit:

"* * * The Court having considered the pleadings on file in this cause, and finding no pleading therein to support defendant's motion for damages, it is: "Ordered and Decreed that such a motion as filed herein is without the jurisdiction of the Court and the Plaintiff's plea to the jurisdiction of the Court is herein sustained and that this cause in all things dismissed." (sic)

The appellant has undertaken to appeal from this order.

In this court, as in the trial court, the appellant Price insists that he was not required after nonsuit to plead an action for affirmative relief as the "law files a cross-action for the defendant," under the circumstances shown by the record. (Appellant Price likewise appears to insist that the City's nonsuit was a conclusive admission that the cause of the action originally plead was without merit, and ipso facto, sequestering the automobile was wrongful).

The legal proposition that in this instance the law considers a cross-action as plead in Price's behalf for the return of the automobile or its value is based upon two cases, Avant v. Wallace, 71 S.W.2d 541 (Tex.Civ.App.1934, no writ); and Hill v. Patterson, 191 S.W. 621 (Tex.Civ.App. 1917, no writ). The cited cases do not support the proposition. There is a clear and decisive distinction between the two cases and this under review. In each of the cited cases, the plaintiff in the trial court replevied the sequestered property. In this case that did not happen, the City

**646**

did not replevy the automobile. In the cited cases, former Vernon's Ann.Tex.Rev. Civ.Stat.Ann. art. 6857 and its statutory predecessor Art. 7111 (both now incorporated in Tex.R.Civ.P. 709) governed the judgment the trial court was required to enter upon a replevy bond when the suit is decided against the plaintiff therein. Since the City did not replevy the automobile, Rule 709 and cases turning upon its provisions have no application to the question here under consideration. Applicable in this instance is Rule 698.

■ Statutes preceding Rule 709 provided that, "[I]n case the suit is decided against the plaintiff, final judgment shall be entered against all the obligors in such bond, * * * for the value of the property replevied as of the date of the execution of the replevy bond, and the value of the fruits, hire, revenue or rent thereof as the case may be." This provision in the statutes preceding Rule 709 is the source of authority for the pronouncement that the "law files a cross-action for the defendant." There is not similar language in Rule 698; this rule merely provides that a Rule 698 bond shall be conditioned for "payment of all damages and cost in such suit in case it shall be decided that such sequestration was wrongfully issued." There is no language in Rule 698 similar to that in Rule 709, commanding the trial judge to enter an order on the bond concurrently with the judgment that the writ was wrongfully issued. No case has been cited and none found interpreting Rule 698 as authorizing a court to grant a defendant affirmative relief by force of Rule 698 alone in the absence of pleadings invoking the court's jurisdiction to grant affirmative relief. This court has concluded that a proper interpretation of the rule does not authorize such relief herein.

■ The order of January 28, 1972, dismissing the City's cause of action, granted in response to the City's nonsuit motion, was not set aside at any time, nor was the court requested to set it aside. No independent suit for affirmative relief is here involved. Though the trial court had plenary control of the January 28, 1972, order for thirty days after it was pronounced, Tex.R.Civ.P. 329b, the order was never rescinded or disturbed and became a final judgment in the case. After the dismissal order became final, the court had no jurisdiction to grant the relief prayed in appellant Price's Rule 698 motion, and the court properly refused the relief claimed by dismissal of Price's motion. See 4 McDonald Texas Civil Practice, Judgments, Sec. 17.-16.1, 17.20; Tex.R.Civ.P. 164. Since the trial court did not have jurisdiction, this court does not have jurisdiction of the appeal and it must be dismissed.

■ In view of the probability that an independent action may hereafter be filed, attention of the parties is called to Blum v. Gains, 57 Tex. 135 (Tex.Sup.1882), and particularly this language therein: " * * * a failure to prosecute the suit, or, upon a voluntary dismissal thereof, to restore the property, was evidence the weight of which was for the determination of the jury in ascertaining whether the writ was sued out for a proper purpose." Later, the author of the Supreme Court opinion, with apparent reference to dismissal of the action said, "The evidence, however feebly, tended to prove an issue in the case." The quoted pronouncement by the Supreme Court indicates that dismissal or abandonment of the original cause of action is not a conclusive admission that sequestering property in an ancillary proceeding was wrongful. Such abandonment of suit is to be considered with other evidence in the determination of that question. The appeal is dismissed.

DAVIS, J., not participating.